ANDREW M. GILFORD (State Bar No. 144994)
PETER A. NYQUIST (State Bar No. 180953)
ELIZABETH A. FIERMAN (State Bar No. 231474)
**WESTON, BENSHOOF, ROCHEFORT,**
  **RUBALCAVA & MacCUISH LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
E-mail:  agilford@wbcounsel.com
E-mail:  pnyquist@wbcounsel.com
E-mail:  efierman@wbcounsel.com

Attorneys for Defendants
HESS CORPORATION (formerly Amerada Hess Corporation and erroneously sued as Amereda Hess), ATLANTIC RICHFIELD COMPANY (formerly Arco Oil and Gas Company), and BP AMERICA PRODUCTION COMPANY (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECLAMATION DISTRICT NO. 2116 and WILLIAM P. DEPAOLI,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADY OIL COMPANY, et al.,<br><br>Defendants. | Case No.: CIV-S-96 1473 FCD/KJM<br><br>**STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S STATUS ORDER;  ORDER** |
| AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | |

    1. This case involves alleged environmental contamination at a 3.5-acre parcel of land (the "DePaoli Site") located in the San Joaquin Delta, adjacent to the Whiskey Slough on Roberts Island in San Joaquin County, California.

    2. The Court issued its Status (Pretrial Scheduling) Order

1070951.2

("Status Order") for this action on December 11, 2006, which established discovery, pre-trial deadlines and a trial date of August 26, 2008. Plaintiffs and the remaining Defendants[1] (collectively, the "Parties") have recently met and conferred on several occasions concerning a potential framework for resolution of this matter without further litigation. That framework is set forth in **Exhibit A**, attached to this Stipulation and summarized below.

   3. As described in **Exhibit A**, the Parties have agreed on a proposal to fund and conduct further site assessment and characterization, with the goal of achieving closure of the DePaoli Site under oversight of the California Regional Water Quality Control Board, Central Valley Region ("Regional Board"). Plaintiffs will submit a workplan for additional site assessment on or before November 17, 2007, and intend to timely implement and complete field activities and characterization upon review and approval of the workplan by the Regional Board. Defendants will have the opportunity to participate in development and implementation of the workplan.

   4. Thereafter, Plaintiffs will seek to timely prepare and submit a site closure plan to the Regional Board, with participation by Defendants in that process. In the event the Regional Board determines that no further

---

[1] The following Defendants have engaged in good faith discussions with Plaintiffs and agree to the terms of this Stipulation: Occidental Petroleum Corporation; OXY USA, Inc.; Hamilton Brothers Corporation; Atlantic Oil Company, Chevron U.S.A.; EnCana Corporation (formerly Pan Canadian Petroleum Company); Marathon Oil Company (for Texas Oil & Gas Corporation); Union Oil Company of California dba Unocal; Western Continental Operating Company; Hess Corporation (formerly Amerada Hess Corporation); Atlantic Richfield Company (formerly Arco Oil and Gas Company); BP America Production Company (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.); ConocoPhillips Company; Venturini Associates; Hexadyne Energy Corp.; Hexadyne Drilling Corporation (a dissolved California corporation); CMS Nomeco Oil & Gas Co.; and Cleveland Drilling, Inc. The other defendants originally named in this action have either been dismissed, had a default judgment entered against them, or are otherwise not actively participating in the ongoing litigation.

action at the DePaoli Site is required, Plaintiffs intend to dismiss this action, and Defendants will also dismiss all cross-claims and counterclaims.

       5.    Should the Regional Board determine that remedial or corrective action is required at the DePaoli Site, the Parties have agreed to (a) utilize monies contained in an existing trust fund for that purpose and, (b) engage in good faith settlement negotiations for the purpose of funding any necessary remedial or corrective action, the costs of which exceed the amount contained in the trust fund (approximately $75,000).  To the extent the good faith negotiations do not result in an agreement, the parties are willing to engage in a court-supervised settlement conference, or a mediation before Lester J. Levy (or other mutually-acceptable mediator).  Once site closure has been achieved, via the Regional Board's issuance of a "closure" or "no further action" letter or similar document, all Parties will dismiss their claims and this action will be terminated.

       6.    To allow the Parties reasonable time to implement further site investigation, characterization and a site closure plan under Regional Board oversight, and to avoid undue litigation expense that would otherwise be required to comply with the deadlines established in the Status Order, the Parties respectfully seek an order pursuant to Federal Rule of Civil Procedure 16(b) modifying and extending the deadlines set forth within the Status Order, as follows:

|  | Current Date | Proposed Date |
| --- | --- | --- |
| Discovery Completion | December 3, 2007 | July 3, 2008 |
| Expert Designation | December 17, 2007 | July 17, 2008 |
| Supplemental Expert Designation | January 8, 2008 | August 8, 2008 |
| Expert Discovery Completion | February 5, 2008 | October 8, 2008 |

| | | |
|---|---|---|
| Last Day for Dispositive Motions to be Heard | April 11, 2008 | December 19, 2008 |
| Final Pretrial Conference | June 20, 2008 at 1:30 p.m. | February 27, 2009 at 1:30 p.m. |
| Trial | August 26, 2008 at 9:00 a.m. (estimated 14-21 days) | April 28, 2009 at 9:00 a.m. (estimated 14-21 days) |

All other pre-trial deadlines shall comply with applicable Federal Rules of Civil Procedure and Local Rules, based on the modified trial date set forth above.

THEREFORE, IT IS HEREBY STIPULATED by and between the Parties hereto that the deadlines established by the Court in the Status Order may be modified as set forth above.

DATED: November   , 2007    **ISOLA & RUIZ, LLP**


_____
David R. Isola

Attorneys for Plaintiffs
RECLAMATION DISTRICT NO. 2116 and
WILLIAM P. DEPAOLI

1070951.2

DATED:  November   , 2007    **WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA & MacCUISH LLP**

_____
Andrew M. Gilford
Peter A. Nyquist
Elizabeth A. Fierman

Attorneys for Defendants
HESS CORPORATION (formerly Amerada Hess Corporation), ATLANTIC RICHFIELD CORPORATION (formerly Arco Oil and Gas Company), and BP AMERICA PRODUCTION COMPANY (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.)

DATED:  November   , 2007    **BRIGHT AND BROWN**

_____
Maureen Bright
Kristen Taylor

Attorneys for Defendant
Atlantic Oil Company, Chevron U.S.A., Inc., EnCana Corporation (formerly Pan Canadian Petroleum Company), Marathon Oil Company (for Texas Oil & Gas Corporation), Union Oil Company of California, dba Unocal and Western Continental Operating Company

DATED:  November   , 2007    **THE COSTA LAW FIRM**

_____
Daniel P. Costa

Attorneys for Defendant
Hexadyne Energy Corporation and Hexadyne Drilling Exploration

1070951.2

DATED:  November    , 2007        **ORRICK HERRINGTON & SUTCLIFFE**

 

---
Norman C. Hile
Stephanie F. Zook

Attorneys for Defendant
CMS Nomeco Oil & Gas Co.

DATED:  November    , 2007        **BURNHAM & BROWN**

---
John J. Verber

Attorneys for Defendant
Venturini Associates

DATED:  November    , 2007        **BARG COFFIN LEWIS & TRAPP LLP**

---
Brian S. Haughton
Donald E. Sobelman
Maureen L. King

Attorneys for Defendant
Hamilton Brothers Corporation, Occidental
Petroleum Corporation and OXY USA, Inc.

DATED:  November    , 2007        **NORIEGA & BRADSHAW LLP**

---
Robert J. Noriega

Attorneys for Defendant
Cleveland Drilling Co.

1070951.2

**GLYNN & FINLEY LLP**

                    Andrew T. Mortl
                    Patricia L. Bonheyo

Attorneys for Defendant
ConocoPhillips Company, successor by merger to Conoco, Inc., and sued as Conoco, Inc.

## **O R D E R**

Based on the foregoing Stipulation, and good cause existing therefore, IT IS HEREBY ORDERED THAT, the dates set forth in the Scheduling Order are modified to the dates listed above.

IT IS SO ORDERED.

DATED: November 9, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

1070951.2

# **EXHIBIT A**

# **STIPULATED FRAMEWORK FOR RESOLVING LITIGATION**

Plaintiffs and Defendants (collectively, "Parties") have agreed on and stipulate to the following framework for resolving <u>Reclamation District No. 2116, et al. v. Arcady Oil Company, et al.</u>, E.D. Cal. Case No. CIV S 96-1473, in a manner that is cost-effective, expeditious, and will conserve judicial resources.

1) The Parties agree to an eight-month continuance of all dates provided in the Court's Pretrial Scheduling Order, subject to Court approval.

2) Plaintiffs agree to timely perform the remaining DePaoli site investigation work and prepare a closure plan for the DePaoli site (such work to be funded by Plaintiffs' insurers) and to:

   a) provide Defendants with copies of all existing consultant documents and correspondence with the Regional Board and other regulators involved with this site;

   b) provide Defendants' consultant an opportunity to review and comment on future documents submitted to the regulators;

   c) provide Defendants' consultant an opportunity to participate in investigation work, including presence during site visits, observation of sampling and, if requested, taking of split samples.

3) Defendants agree to apply the contents of the existing trust fund – approximately $75,000 as of October 31, 2007 – to the reasonable remedial costs, if any, necessary to implement a site closure plan acceptable to all Parties and approved by the regulators. If the approved site closure plan is estimated to cost more than $75,000, the Parties agree that, prior to implementation of the site closure plan, they will:

    a)   participate in informal, good-faith negotiations, with the goal of reaching an agreement to fully fund implementation of the site closure plan, and, if needed,

    b)   participate in a court-supervised settlement conference, or a mediation before Lester J. Levy (or another mutually-acceptable mediator).

4) When regulatory closure of the DePaoli site is achieved – via a "closure letter," "no further action" letter, or similar directive – the parties will mutually dismiss all claims against each other with prejudice, and Plaintiffs will be entitled to any proceeds remaining in the trust fund.

5) If at any time it becomes clear to the Parties that regulatory closure of the DePaoli site cannot be achieved within the time provided by the eight-month continuance, the Parties will immediately notify the Court of this fact, provide the Court with an estimated timetable for reaching site closure, and seek the Court's guidance as to scheduling of further proceedings in this action.