UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECLAMATION DISTRICT NO. 2116 and WILLIAM P. DEPAOLI,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ARCADY OIL COMPANY, et al.,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | Case No.: 2:96-cv-1473 FCD/KJM<br><br>**SECOND STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S STATUS ORDER; ORDER** |

　　　　1.　　This case involves alleged environmental contamination at a 3.5-acre parcel of land (the "DePaoli Site") located in the San Joaquin Delta, adjacent to the Whiskey Slough on Roberts Island in San Joaquin County, California.

　　　　2.　　The Court issued its initial Status (Pretrial Scheduling) Order for this action on December 11, 2006 ("2006 Status Order"). Last fall, Plaintiffs and the remaining Defendants[1] (collectively, the "Parties") met and conferred concerning a

---

[1]　　The following Defendants have engaged in good faith discussions with Plaintiffs and agree to the terms of this Stipulation: Occidental Petroleum Corporation; OXY USA, Inc.; Hamilton Brothers Corporation; Atlantic Oil Company, Chevron U.S.A.; EnCana Corporation (formerly Pan Canadian Petroleum Company); Marathon Oil Company (for Texas Oil & Gas Corporation); Union Oil Company of California dba Unocal; Western

potential framework for resolution of this matter without further litigation. That framework is set forth in Exhibit "A" to this Stipulation and summarized below.

3. As described in Exhibit "A", the Parties previously agreed on a proposal to fund and conduct further site assessment and characterization, with the goal of achieving closure of the DePaoli Site under oversight of the California Regional Water Quality Control Board, Central Valley Region ("Regional Board"). Should the Regional Board determine that remedial or corrective action is required at the DePaoli Site, the Parties have agreed to (a) utilize monies contained in an existing trust fund for that purpose and, (b) engage in good faith settlement negotiations for the purpose of funding any necessary remedial or corrective action, the costs of which exceed the amount contained in the trust fund (approximately $75,000). To the extent the good faith negotiations do not result in an agreement, the parties are willing to engage in a court-supervised settlement conference, or a mediation before Lester J. Levy (or other mutually-acceptable mediator). Once site closure has been achieved, via the Regional Board's issuance of a "closure" or "no further action" letter or similar instrument, all Parties will dismiss their claims and this action will be terminated.

4. On November 9, 2007, this Court entered an Order modifying dates in the 2006 Status Order to allow, among other things, the Parties additional time to develop, submit and implement a workplan for additional site assessment ("2007 Status Order").

5. Plaintiffs submitted a preliminary workplan to the Regional Board on or about November 14, 2007. Subsequently, following a series of "meet and confer" discussions between the Parties' technical representatives, the Regional Board

---

Continental Operating Company; Hess Corporation (formerly Amerada Hess Corporation); Atlantic Richfield Company (formerly Arco Oil and Gas Company); BP America Production Company (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.); ConocoPhillips Company; Venturini Associates; Hexadyne Energy Corp.; Hexadyne Drilling Corporation (a dissolved California corporation); CMS Nomeco Oil & Gas Co.; and Cleveland Drilling, Inc. The other defendants originally named in this action have either been dismissed, had a default judgment entered against them, or are otherwise not actively participating in the ongoing litigation.

received a revised workplan on or about February 5, 2008. On March 18, 2008, the Regional Board conditionally approved the revised workplan.

6. On March 31, 2008, Plaintiffs commenced implementation of the workplan at the DePaoli Site. Plaintiffs have advised that investigative field work should be completed by May 16, 2008. Thereafter, an additional period of time will be required to complete laboratory analysis of data collected from the site.

7. After receipt and analysis of laboratory results, Plaintiffs will prepare a draft supplemental site assessment report. Following discussion with Defendants regarding the draft report, Plaintiffs will submit a final report to the Regional Board for review and comment. At this point, the Parties approximate the report will be submitted to the Regional Board by June 15, 2008. Subsequently, responsive comments from the Regional Board should be received within thirty to sixty days.

7. Thereafter, Plaintiffs intend to timely prepare and submit a site closure plan to the Regional Board, with participation by Defendants in that process. In the event the Regional Board determines that no further action at the DePaoli Site is required, Plaintiffs intend to dismiss this action, and Defendants will also dismiss all cross-claims and counterclaims.

8. To allow the Parties reasonable time to complete the ongoing supplemental site investigation, determine whether additional investigation is needed, and develop a site closure plan under Regional Board oversight, as well as to avoid undue litigation expense that would otherwise be required to comply with the deadlines established in the 2007 Status Order, the Parties respectfully seek an order pursuant to Federal Rule of Civil Procedure 16(b) modifying and extending the deadlines set forth within the 2007 Status Order as follows:

|  | Current Date | Proposed Date |
| --- | --- | --- |
| Discovery Completion | July 3, 2008 | April 3, 2009 |
| Expert Designation | July 17, 2008 | April 17, 2009 |

| | | |
|---|---|---|
| Supplemental Expert Designation | August 8, 2008 | May 8, 2009 |
| Expert Discovery Completion | October 8, 2008 | July 8, 2009 |
| Last Day for Dispositive Motions to be Heard | December 12, 2008 | September 14, 2009 |
| Last Day to file Final Pretrial Conference Pleadings | February 13, 2009 | November 13, 2009 |
| Final Pretrial Conference | February 20, 2009 at 1:30 p.m. | November 20, 2009 |
| Trial | April 28, 2009 at 9:00 a.m. (estimated 14-21 days) | January 25, 2010 9:00 a.m. (estimated 14-21 days) |

All other pre-trial deadlines shall comply with applicable Federal Rules of Civil Procedure and Local Rules, based on the modified trial date set forth above.

THEREFORE, IT IS HEREBY STIPULATED by and between the Parties hereto that the deadlines established by the Court in the 2007 Status Order may be modified as set forth above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the 2007 Status Order and to this Stipulation, shall continue to be binding on the Parties.

DATED: April   , 2008            **ISOLA LAW GROUP, LLP**

_____
Reginald R. Schubert

Attorneys for Plaintiffs
RECLAMATION DISTRICT NO. 2116 and
WILLIAM P. DEPAOLI

DATED: April   , 2008     **WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA & MacCUISH LLP**

_____
Andrew M. Gilford
Peter A. Nyquist
Elizabeth A. Fierman

Attorneys for Defendants
HESS CORPORATION (formerly Amerada Hess Corporation), ATLANTIC RICHFIELD CORPORATION (formerly Arco Oil and Gas Company), and BP AMERICA PRODUCTION COMPANY (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.)

DATED: April   , 2008     **BRIGHT AND BROWN**

_____
Maureen Bright
Kristen Taylor

Attorneys for Defendant
Atlantic Oil Company, Chevron U.S.A., Inc., EnCana Corporation (formerly Pan Canadian Petroleum Company), Marathon Oil Company (for Texas Oil & Gas Corporation), Union Oil Company of California, dba Unocal and Western Continental Operating Company

DATED: April   , 2008     **THE COSTA LAW FIRM**

_____
Daniel P. Costa

Attorneys for Defendant
Hexadyne Energy Corporation and Hexadyne Drilling Exploration

DATED: April   , 2008     **ORRICK HERRINGTON & SUTCLIFFE**

_____
Norman C. Hile
Stephanie F. Zook
Attorneys for Defendant
CMS Nomeco Oil & Gas Co.

SECOND STIPULATION TO MODIFY DATES; ORDER 2:96-cv-1473

DATED:  April   , 2008         **BURNHAM & BROWN**

_____
John J. Verber

Attorneys for Defendant
Venturini Associates

DATED:  April   , 2008         **BARG COFFIN LEWIS & TRAPP LLP**

_____
Brian S. Haughton
Donald E. Sobelman
Maureen L. King

Attorneys for Defendant
Hamilton Brothers Corporation, Occidental Petroleum Corporation and OXY USA, Inc.

DATED:  April   , 2008         **NORIEGA & BRADSHAW LLP**

_____
Robert J. Noriega

Attorneys for Defendant
Cleveland Drilling Co.

**GLYNN & FINLEY LLP**

_____
Andrew T. Mortl
Patricia L. Bonheyo

Attorneys for Defendant
ConocoPhillips Company, successor by merger to Conoco, Inc., and sued as Conoco, Inc.

ORDER ON FOLLOWING PAGE.

## **O R D E R**

Based on the foregoing Stipulation, and good cause existing therefore, IT IS HEREBY ORDERED THAT, the dates set forth in this Court's modified status Order entered on November 9, 2007, are further modified consistent with the dates listed above EXCEPT as follows: all dispositive motions shall be heard no later than September 18, 2009. The start time for the final pretrial conference now set for November 20, 2009 shall be 1:30 p.m. The jury trial is set for January 26, 2010 at 9:00 a.m.

DATED: April 23, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

## **STIPULATED FRAMEWORK FOR RESOLVING LITIGATION**

Plaintiffs and Defendants (collectively, "Parties") have agreed on and stipulate to the following framework for resolving <u>Reclamation District No. 2116, et al. v. Arcady Oil Company, et al.</u>, E.D. Cal. Case No. CIV S 96-1473, in a manner that is cost-effective, expeditious, and will conserve judicial resources.

1) The Parties agree to an eight-month continuance of all dates provided in the Court's Pretrial Scheduling Order, subject to Court approval.

2) Plaintiffs agree to timely perform the remaining DePaoli site investigation work and prepare a closure plan for the DePaoli site (such work to be funded by Plaintiffs' insurers) and to:

   a) provide Defendants with copies of all existing consultant documents and correspondence with the Regional Board and other regulators involved with this site;

   b) provide Defendants' consultant an opportunity to review and comment on future documents submitted to the regulators;

   c) provide Defendants' consultant an opportunity to participate in investigation work, including presence during site visits, observation of sampling and, if requested, taking of split samples.

3) Defendants agree to apply the contents of the existing trust fund – approximately $75,000 as of October 31, 2007 – to the reasonable remedial costs, if any, necessary to implement a site closure plan acceptable to all Parties and approved by the regulators.  If the approved site closure plan is estimated to cost more than $75,000, the Parties agree that, prior to implementation of the site closure plan, they will:

    a)  participate in informal, good-faith negotiations, with the goal of reaching an agreement to fully fund implementation of the site closure plan, and, if needed,

    b)  participate in a court-supervised settlement conference, or a mediation before Lester J. Levy (or another mutually-acceptable mediator).

4) When regulatory closure of the DePaoli site is achieved – via a "closure letter," "no further action" letter, or similar directive – the parties will mutually dismiss all claims against each other with prejudice, and Plaintiffs will be entitled to any proceeds remaining in the trust fund.

5) If at any time it becomes clear to the Parties that regulatory closure of the DePaoli site cannot be achieved within the time provided by the eight-month continuance, the Parties will immediately notify the Court of this fact, provide the Court with an estimated timetable for reaching site closure, and seek the Court's guidance as to scheduling of further proceedings in this action.