ANDREW M. GILFORD (State Bar No. 144994)
PETER A. NYQUIST (State Bar No. 180953)
ELIZABETH A. FIERMAN (State Bar No. 231474)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
E-mail:  andy.gilford@alston.com
E-mail:  pete.nyquist@alston.com
E-mail:  elizabeth.fierman@alston.com

Attorneys for Defendants
HESS CORPORATION (formerly Amerada Hess Corporation and erroneously sued as Amereda Hess), ATLANTIC RICHFIELD COMPANY (formerly Arco Oil and Gas Company), and BP AMERICA PRODUCTION COMPANY (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECLAMATION DISTRICT NO. 2116 and WILLIAM P. DEPAOLI,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADY OIL COMPANY, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | Case No.: CIV-S-96 1473 FCD/KJM<br><br>**ORDER RE THIRD STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S STATUS ORDER**<br><br>**[Filed concurrently with Third Stipulation to Modify Dates Established in the Court's Status Order]** |

1.    This case involves alleged environmental contamination at a 3.5-acre parcel of land (the "DePaoli Site") located in the San Joaquin Delta, adjacent to the Whiskey Slough on Roberts Island in San Joaquin County, California.

2.    The Court issued its initial Status (Pretrial Scheduling) Order for this action on December 11, 2006 ("2006 Status Order").  Thereafter, Plaintiffs and the remaining Defendants[1] (collectively, the "Parties") met and conferred concerning a potential framework for resolution of this matter without further litigation.  That framework is set forth in Exhibit "A" to the concurrently filed Third Stipulation to Modify Dates Established in the Court's Status Order ("Stipulation") and is summarized below.

3.    As described in Exhibit "A" to the concurrently filed Stipulation, the Parties previously agreed on a proposal to fund and conduct further site assessment and characterization, with the goal of achieving closure of the DePaoli Site under oversight of the California Regional Water Quality Control Board, Central Valley Region ("Regional Board").  Should the Regional Board determine that remedial or corrective action is required at the DePaoli Site, the Parties have agreed to:  (a) utilize monies contained in an existing trust fund for that purpose; and (b) engage in good faith settlement negotiations for the purpose of funding any necessary remedial or corrective action, to the extent such costs exceed the amount contained in the trust fund (approximately $75,000).  In the event good faith negotiations do not

---

[1]    The following Defendants have engaged in good faith discussions with Plaintiffs and agree to the terms of this Stipulation: Occidental Petroleum Corporation; OXY USA, Inc.; Hamilton Brothers Corporation; Atlantic Oil Company, Chevron U.S.A.; EnCana Corporation (formerly Pan Canadian Petroleum Company); Marathon Oil Company (for Texas Oil & Gas Corporation); Union Oil Company of California dba Unocal; Western Continental Operating Company; Hess Corporation (formerly Amerada Hess Corporation); Atlantic Richfield Company (formerly Arco Oil and Gas Company); BP America Production Company (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.); ConocoPhillips Company; Venturini Associates; Hexadyne Energy Corp.; Hexadyne Drilling Corporation (a dissolved California corporation); CMS Nomeco Oil & Gas Co.; and Cleveland Drilling, Inc.  The other defendants originally named in this action have either been dismissed, had a default judgment entered against them, or are otherwise not actively participating in the ongoing litigation.

1  result in an agreement, the parties are willing to engage in a court-supervised settlement conference, or a mediation before Lester J. Levy (or other mutually-acceptable mediator).  Once site closure has been achieved, via the Regional Board's issuance of a "closure" or "no further action" letter, all Parties will dismiss their claims and this action will be terminated.

4. On November 9, 2007, this Court entered an Order ("First Modified Status Order") modifying dates in the 2006 Status Order to allow, among other things, the Parties additional time to develop, submit and implement a workplan for additional site assessment.

5. Plaintiffs submitted a preliminary workplan to the Regional Board on or about November 14, 2007.  Subsequently, following a series of "meet and confer" discussions between the Parties' technical representatives, a revised workplan was submitted to the Regional Board on or about January 31, 2008.  On March 18, 2008, the Regional Board conditionally approved the revised workplan.

6. On April 23, 2008, this Court entered a second Order ("Second Modified Status Order") modifying dates in the 2006 Status Order to allow the Parties sufficient time to implement the revised workplan and complete the further site investigation.

7. Between April 2008 and August 2008, Plaintiffs undertook field investigation activities at the DePaoli Site, pursuant to the approved workplan.  The scope of investigative work included the following:  completion of numerous borings to characterize on-site soils; installation of six new groundwater monitoring wells to determine groundwater flow characteristics and water quality; calculation of vertical hydraulic gradients; evaluation of tidal effects on water bearing units; completion of a sensitive receptor survey; and submittal of drilling mud, native soil, and groundwater samples for laboratory analysis.

/ / /

8. Following completion of this work and discussion with Defendants regarding preliminary results of the investigation, Plaintiffs submitted a Site Investigation Report ("SI Report") to the Regional Board on October 17, 2008. A true and correct copy of the text of the SI Report is attached to the concurrently filed Stipulation as Exhibit "B." In the SI Report, Plaintiffs have proposed that an Engineering Feasibility Study ("EFS") be conducted to select an appropriate closure plan for the DePaoli Site, based on the Regional Board's review of various remedial alternatives (including a "no action" alternative).

10. In the event the Regional Board determines that no further action at the DePaoli Site is required, Plaintiffs intend to dismiss this action, and Defendants will also dismiss all cross-claims and counterclaims. The Parties desire to continue good faith efforts to work cooperatively to promote timely review and approval of a closure plan by the Regional Board, and achieve a no further action determination for the Site at the earliest feasible date.

11. To allow the Parties reasonable time to complete and develop a site closure plan under Regional Board oversight, as well as to avoid undue litigation expense that would otherwise be required to comply with the deadlines established in the Second Modified Status Order, the Parties respectfully seek an order pursuant to Federal Rule of Civil Procedure 16(b) modifying and extending the deadlines set forth within the Second Modified Status Order as follows:

|  | Current Date | Proposed Date |
|---|---|---|
| Discovery Completion | April 3, 2009 | December 4, 2009 |
| Expert Designation | April 17, 2009 | December 18, 2009 |
| Supplemental Expert Designation | May 8, 2009 | January 8, 2010 |
| Expert Discovery Completion | July 8, 2009 | March 12, 2010 |
| Last Day for Dispositive Motions to be Heard | September 14, 2009 | **May 21, 2010** |

| | | |
|---|---|---|
| Last Day to file Final Pretrial Conference Pleadings | November 13, 2009 | **July 9, 2010** |
| Final Pretrial Conference | November 20, 2009 at 1:30 p.m. | **July 23, 2010, at 1:30 p.m.** |
| Trial | January 26, 2010 at 9:00 a.m. (estimated 14-21 days) | **September 28, 2010 at 9:00 a.m. (estimated 14-21 days)** |

All other pre-trial deadlines shall comply with applicable Federal Rules of Civil Procedure and Local Rules, based on the modified trial date set forth above.

WHEREFORE, based on the concurrently filed stipulation of the parties, and good cause existing therefore, IT IS HEREBY ORDERED THAT the dates set forth in this Court's Second Modified Status Order entered on April 23, 2008, are further modified consistent with the dates listed above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order and to the concurrently filed Stipulation, shall continue to be binding on the Parties.

DATED: November 24, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28