John J. Verber, SBN 139917
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California  94612
Telephone:      (510) 444-6800
Facsimile:       (510) 835-6666
Email:           jverber@burnhambrown.com

Attorneys for Defendant
VENTURINI ASSOCIATES, INCORPORATED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECLAMATION DISTRICT NO. 2116, and WILLIAM P. DePAOLI,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADY OIL COMPANY, et al.,<br><br>Defendants. | Case No. CIV. S-96-1473 FCD DAD<br><br>**FOURTH STIPULATION AND ORDER TO MODIFY DATES ESTABLISHED IN THE COURT'S STATUS ORDER** |

1.      This case involves alleged environmental contamination at a 3.5-acre parcel of land (the "DePaoli Site") located in the San Joaquin Delta, adjacent to the Whiskey Slough on Roberts Island in San Joaquin County, California.

2.      The Court issued its initial Status (Pretrial Scheduling) Order for this action on December 11, 2006 ("2006 Status Order").  Thereafter, Plaintiffs and the remaining Defendants[1] (collectively, the "Parties") met and conferred concerning a

---

[1]The following Defendants have engaged in good faith discussions with Plaintiffs and agree to the terms of this Stipulation: Occidental Petroleum Corporation; OXY USA, Inc.; Hamilton Brothers Corporation; Atlantic Oil Company, Chevron U.S.A.; EnCana Corporation (formerly Pan Canadian Petroleum Company); Marathon Oil Company (for Texas Oil & Gas Corporation); Union Oil Company of California dba Unocal; Western Continental Operating Company; Hess Corporation (formerly Amerada Hess Corporation); Atlantic Richfield Company (formerly Arco Oil and Gas Company); BP America Production Company (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.); ConocoPhillips Company; Venturini Associates; Hexadyne Energy Corp.; Hexadyne Drilling Corporation (a dissolved California corporation); CMS Nomeco Oil & Gas Co.; and Cleveland Drilling, Inc.  The other defendants originally named in this action have either been dismissed, had a default judgment entered against them, or are otherwise not actively participating in the ongoing litigation.

potential framework for resolution of this matter without further litigation.  That framework is set forth in Exhibit "A" to this Stipulation and summarized below.

3.     As described in Exhibit "A", the Parties previously agreed on a proposal to fund and conduct further site assessment and characterization, with the goal of achieving closure of the DePaoli Site under oversight of the California Regional Water Quality Control Board, Central Valley Region ("Regional Board").  Should the Regional Board determine that remedial or corrective action is required at the DePaoli Site, the Parties have agreed to:  (a) utilize monies contained in an existing trust fund for that purpose; and (b) engage in good faith settlement negotiations for the purpose of funding any necessary remedial or corrective action, to the extent such costs exceed the amount contained in the trust fund (approximately $75,000).  In the event good faith negotiations do not result in an agreement, the parties are willing to engage in a court-supervised settlement conference, or a mediation before Lester J. Levy (or other mutually-acceptable mediator).  Once site closure has been achieved, via the Regional Board's issuance of a "closure" or "no further action" letter, all Parties will dismiss their claims and this action will be terminated.

4.     On November 9, 2007, this Court entered an Order ("First Modified Status Order") modifying dates in the 2006 Status Order to allow, among other things, the Parties additional time to develop, submit and implement a workplan for additional site assessment.

5.     Plaintiffs submitted a preliminary workplan to the Regional Board on or about November 14, 2007.  Subsequently, following a series of "meet and confer" discussions between the Parties' technical representatives, a revised workplan was submitted to the Regional Board on or about January 31, 2008.  On March 18, 2008, the Regional Board conditionally approved the revised workplan.

6.     On April 23, 2008, this Court entered a second Order ("Second Modified Status Order") modifying dates in the 2006 Status Order to allow the

1   Parties sufficient time to implement the revised workplan and complete the further

2   site investigation.

3          7.     Between April 2008 and August 2008, Plaintiffs undertook field

4   investigation activities at the DePaoli Site, pursuant to the approved workplan.

5   The scope of investigative work included the following:  completion of numerous

6   borings to characterize on-site soils; installation of six new groundwater

7   monitoring wells to determine groundwater flow characteristics and water quality;

8   calculation of vertical hydraulic gradients; evaluation of tidal effects on water

9   bearing units; completion of a sensitive receptor survey; and submittal of drilling

10  mud, native soil, and groundwater samples for laboratory analysis.

11         8.     Following completion of this work and discussion with Defendants

12  regarding preliminary results of the investigation, Plaintiffs submitted a Site

13  Investigation Report ("SI Report") to the Regional Board on October 17, 2008. In

14  the SI Report, Plaintiffs have proposed that an Engineering Feasibility Study

15  ("EFS") be conducted to select an appropriate closure plan for the DePaoli Site,

16  based on the Regional Board's review of various remedial alternatives (including a

17  "no action" alternative).

18         9.     On November 24, 2008, this Court entered a third Order ("Third

19  Modified Status Order") modifying dates in the April 23, 2008 Second Modified

20  Status Order to allow the Parties sufficient time to implement the revised workplan

21  and complete the further site investigation.

22         10.    On or about April 16, 2009, the Parties met with the Regional Water

23  Quality Control Board to discuss the results of the site investigation and determine

24  what further work is necessary in order to obtain closure.

25         11.    On April 29, 2009 the Regional Board issued a letter (Attached hereto

26  as "Exhibit B") requesting the parties submit a detailed closure plan by August 1,

27  2009.

28         12.    The Parties desire to continue good faith efforts to work cooperatively

to promote timely review and approval of a closure plan by the Regional Board at the earliest feasible date.

13.   To allow the Parties reasonable time to complete and develop a site closure plan under Regional Board oversight, as well as to avoid undue litigation expense that would otherwise be required to comply with the deadlines established in the Third Modified Status Order, the Parties respectfully seek an order pursuant to Federal Rule of Civil Procedure 16(b) modifying and extending the deadlines set forth within the Third Modified Status Order as follows:

|  | Current Date | Proposed Date |
|---|---|---|
| Discovery Completion | December 4, 2009 | November 5, 2010 |
| Expert Designation | December 18, 2009 | November 18, 2010 |
| Supplemental Expert Designation | January 8, 2010 | December 10, 2010 |
| Expert Discovery Completion | March 12, 2010 | February 11, 2011 |
| Last Day for Dispositive Motions to be Heard | May 21, 2010 | **April 8, 2011** |
| Last Day to file Final Pretrial Conference Pleadings | July 12, 2010 | June 17, 2011 |
| Final Pretrial Conference | July 23, 2010 at 1:30 p.m. | June 24, 2011 at 1:30 p.m. |
| Jury Trial | September 28, 2010 at 9:00 a.m. (est. 14-21 days) | **September 13, 2011** at 9:00 a.m. (est.14-21 days) |

FOURTH STIPULATION AND ORDER TO MODIFY DATES

1    All other pre-trial deadlines shall comply with applicable Federal Rules of

2 Civil Procedure and Local Rules, based on the modified trial date set forth above.

3    THEREFORE, IT IS HEREBY STIPULATED by and between the

4 Parties hereto that the deadlines established by the Court in the Third Modified

5 Status Order (entered on November 24, 2008) may be modified as set forth above,

6 and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A

7 to the First Modified Status Order, the Second Modified Status Order, the Third

8 Modified Status Order and to this Stipulation, shall continue to be binding on the

9 Parties.

10 DATED: June 3, 2009            **ISOLA LAW GROUP, LLP**

11

12                                /s/
                                  _____
13                                      David R. Isola
                                        Reginald Schubert
14
                                  Attorneys for Plaintiffs
15                                RECLAMATION DISTRICT NO. 2116 and
                                  WILLIAM P. DEPAOLI
16                                **ALSTON & BIRD LLP**
   DATED:  June 3, 2009
17

18                                /s/
                                  _____
19                                      Peter A. Nyquist

20                                Attorneys for Defendants
                                  HESS CORPORATION (formerly Amerada Hess
21                                Corporation), ATLANTIC RICHFIELD CORPORATION
                                  (formerly Arco Oil and Gas Company), and BP
22                                AMERICA PRODUCTION COMPANY (formerly
                                  Amoco Production Company and erroneously sued as
23                                Amoco Petroleum Additives Co.)

24

25

26

27

28

DATED:  June 10, 2009          **BRIGHT AND BROWN**

/s/
_____
                                   Kristin Taylor

Attorneys for Defendant
Atlantic Oil Company, Chevron U.S.A., Inc., EnCana
Corporation (formerly Pan Canadian Petroleum
Company), Marathon Oil Company (for Texas Oil & Gas
Corporation), Union Oil Company of California, dba
Unocal and Western Continental Operating Company

DATED:  June 2, 2009           **THE COSTA LAW FIRM**

/s/
_____
                                   Daniel P. Costa
                                   Erica L. Rosasco

Attorneys for Defendant
Hexadyne Energy Corporation and Hexadyne Drilling
Corporation (a dissolved corporation)

DATED:  June 2, 2009           **ORRICK HERRINGTON & SUTCLIFFE**

/s/
_____
                                   Stephanie F. Zook

Attorneys for Defendant
CMS Nomeco Oil & Gas Co.

DATED:  June 11, 2009          **BURNHAM BROWN**

/s/
_____
                                   John J. Verber

Attorneys for Defendant
Venturini Associates

1   DATED:  June 11, 2009          **BARG COFFIN LEWIS & TRAPP LLP**

2

3                                  /s/
                                       Donald E. Sobelman
4                                      Maureen L. King

5                                  Attorneys for Defendant
                                   Hamilton Brothers Corporation, Occidental Petroleum
6                                  Corporation and OXY USA, Inc.

7

8   DATED:  June 10, 2009          **NORIEGA & ASSOCIATES, APLC**

9

10                                 /s/
                                       Robert J. Noriega
11
                                   Attorneys for Defendant
12                                 Cleveland Drilling Co.

13

14  DATED:  June 10, 2009          **GLYNN & FINLEY LLP**

15

16                                 /s/
                                       Patricia L. Bonheyo
17
                                   Attorneys for Defendant
18                                 ConocoPhillips Company, successor by merger to
                                   Conoco, Inc., and sued as Conoco, Inc.
19

20

21

22

23

24

25

26

27

28

FOURTH STIPULATION AND ORDER TO MODIFY DATES

**O R D E R**

Based on the foregoing Stipulation, and good cause existing therefore, IT IS HEREBY ORDERED THAT, the dates set forth in this Court's Third Modified Status Order entered on November 24, 2008, are further modified consistent with the dates listed above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third Modified Status Order and to this Stipulation, shall continue to be binding on the Parties.


DATED: June 16, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

FOURTH STIPULATION AND ORDER TO MODIFY DATES

# EXHIBIT A

## STIPULATED FRAMEWORK FOR RESOLVING LITIGATION

Plaintiffs and Defendants (collectively, "Parties") have agreed on and stipulate to the following framework for resolving <u>Reclamation District No. 2116, et al. v. Arcady Oil Company, et al.,</u> E.D. Cal. Case No. CIV S 96-1473, in a manner that is cost-effective, expeditious, and will conserve judicial resources.

1) The Parties agree to an eleven-month continuance of all dates provided in the Court's Pretrial Scheduling Order, subject to Court approval.

2) Plaintiffs agree to timely perform the remaining DePaoli site investigation work and prepare a closure plan for the DePaoli site (such work to be funded by Plaintiffs' insurers) and to:

    a) provide Defendants with copies of all existing consultant documents and correspondence with the Regional Board and other regulators involved with this site;

    b) provide Defendants' consultant an opportunity to review and comment on future documents submitted to the regulators;

    c) provide Defendants' consultant an opportunity to participate in investigation work, including presence during site visits, observation of sampling and, if requested, taking of split samples.

3) Defendants agree to apply the contents of the existing trust fund – approximately $75,000 as of October 31, 2007 – to the reasonable remedial costs, if any, necessary to implement a site closure plan acceptable to all Parties and approved by the regulators.  If the approved site closure plan is estimated to cost more than $75,000, the Parties agree that, prior to implementation of the site closure plan, they will:

    a) participate in informal, good-faith negotiations, with the goal of reaching an agreement to fully fund implementation of the site closure plan, and, if needed,

    b) participate in a court-supervised settlement conference, or a mediation before Lester J. Levy (or another mutually-acceptable mediator).

4) When regulatory closure of the DePaoli site is achieved – via a "closure letter," "no further action" letter, or similar directive – the parties will mutually dismiss all claims against each

1

1    other with prejudice, and Plaintiffs will be entitled to any proceeds remaining in the trust
2    fund.

3    5)   If at any time it becomes clear to the Parties that regulatory closure of the DePaoli site
cannot be achieved within the time provided by the eleven-month continuance, the Parties
will immediately notify the Court of this fact, provide the Court with an estimated timetable
for reaching site closure, and seek the Court's guidance as to scheduling of further
proceedings in this action.

FOURTH STIPULATION AND ORDER TO MODIFY DATES