BRIAN S. HAUGHTON (State Bar No. 111709; bsh@bcltlaw.com)
DONALD E. SOBELMAN (State Bar No. 184028; des@bcltlaw.com)
MAUREEN L. KING (State Bar No. 111689; mlk@bcltlaw.com)
BARG COFFIN LEWIS & TRAPP, LLP
350 California Street, 22nd Floor
San Francisco, California 94104-1435
Telephone: (415) 228-5400
Facsimile: (415) 228-5450

Attorneys for Defendants
OXY USA, Inc.
Occidental Petroleum Corporation and
Hamilton Brothers Corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECLAMATION DISTRICT NO. 2116, and WILLIAM P. DePAOLI,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADY OIL COMPANY, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:96-CV-01473-FCD-KJM<br><br>**FIFTH STIPULATION AND ORDER TO MODIFY DATES ESTABLISHED IN THE COURT'S FOURTH MODIFIED STATUS ORDER** |

Background

1. This case involves alleged environmental contamination at a 3.5-acre parcel of land located at the San Joaquin Delta, adjacent to the Whiskey Slough on Roberts Island in San Joaquin County, California (the "DePaoli Site").

2. The Court issued its initial Status (Pretrial Scheduling) Order for this action on December 11, 2006 ("2006 Status Order"). Thereafter, Plaintiffs and the remaining Defendants[1]

---

[1] The following Defendants have engaged in good faith discussion with Plaintiffs and agree to the terms of this Stipulation: Occidental Petroleum Corporation; OXY USA, Inc.; Hamilton Brothers Corporation; Atlantic Oil Company, Chevron U.S.A.; EnCana Corporation (formerly Pan Canadian Petroleum Company); Marathon Oil Company (for Texas Oil & Gas Corporation); Union Oil Company of California dba Unocal; Western Continental Operating Company; Hess Corporation (formerly Amerada Hess Corporation); Atlantic Richfield Company (formerly Arco Oil and Gas Company); BP America Production Company (formerly Amoco Production Company and erroneously sued as Amoco Petroleum

1 (collectively, the "Parties") met and conferred concerning a potential framework for resolution of this matter without further litigation. That framework is set forth in Exhibit "A" to this Stipulation and summarized below.

3. As described in Exhibit "A", the Parties previously agreed on a proposal to fund and conduct further site assessment and characterization, with the goal of achieving closure of the DePaoli Site under oversight of the California Regional Water Quality Control Board, Central Valley Region ("Regional Board"). Should the Regional Board determine that remedial or corrective action is required at the DePaoli Site, the Parties have agreed to: (a) utilize monies contained in an existing trust fund for that purpose; and (b) engage in good faith settlement negotiations for the purpose of funding any necessary remedial or corrective action, to the extent such costs exceed the amount contained in the trust fund (approximately $75,000). In the event good faith negotiations do not result in an agreement, the Parties are willing to engage in a court-supervised settlement conference, or mediation before Lester J. Levy or another mutually-acceptable mediator. Once site closure has been achieved, via the Regional Board's issuance of a "closure" or "no further action" letter, all Parties will dismiss their claims (and counter-claims) and this action will be terminated.

**Prior Modifications to Status/Scheduling Order and Related Procedural History**

4. On November 9, 2007, this Court entered an Order ("First Modified Status Order") modifying dates in the 2006 Status Order to allow, among other things, the Parties additional time to develop, submit and implement a workplan for additional site assessment.

5. Plaintiffs submitted a preliminary investigation workplan to the Regional Board on or about November 14, 2007. Subsequently, following a series of "meet and confer" discussions between the Parties' technical representatives, a revised workplan was submitted to the Regional Board on or about January 31, 2008. On March 18, 2008, the Regional Board conditionally approved the revised workplan.



---

Additives Co.); ConocoPhillips Company; Venturini Associates; Hexadyne Energy Corp.; Hexadyne Drilling Corporation (a dissolved California corporation); CMS Nomeco Oil & Gas Co.; and Cleveland Drilling, Inc. The other defendants originally named in this action have either been dismissed, had a default judgment entered against them, or are otherwise not actively participating in the ongoing litigation.

**FIFTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S FOURTH MODIFIED STATUS ORDER; ORDER** 2
U.S.D.C. – E.D. Cal., Case No. 2:96-CV-01473-FCD-JFM

692424.1

6. On April 23, 2008, this Court entered a second Order ("Second Modified Status Order") modifying dates in the 2006 Status Order to allow the Parties sufficient time to implement the revised workplan and complete the site investigation.

7. Between April 2008 and August 2008, Plaintiffs undertook field investigation activities at the DePaoli Site, pursuant to the approved workplan. Following completion of this work and discussion with Defendants regarding preliminary results of the investigation, Plaintiffs submitted a Site Investigation Report to the Regional Board on October 17, 2008. In the Report, Plaintiffs proposed that an Engineering Feasibility Study be conducted to select an appropriate closure plan for the DePaoli Site, based on the Regional Board's review of various remedial alternatives (including a "no action" alternative).

8. On November 24, 2008, this Court entered a third Order ("Third Modified Status Order") modifying dates in the April 23, 2008 Second Modified Status Order to allow the Parties sufficient time to complete the further site investigation and explore closure strategies for the DePaoli Site with the Regional Board.

9. In early 2009, the Parties' technical representatives met with the Regional Board to discuss the results of the site investigation and determine what further work would be necessary in order to obtain closure at the DePaoli Site. On April 29, 2009 the Regional Board issued a letter requesting that Plaintiffs submit a detailed closure plan by August 1, 2009. On May 29, 2009 Plaintiffs again proposed conducting an Engineering Feasibility Study in order to provide a basis for developing a site closure plan.

10. On June 16, 2009, this Court entered a fourth Order ("Fourth Modified Status Order") modifying dates in the November 24, 2008 Third Modified Status Order to allow the Parties sufficient time to prepare an Engineering Feasibility Study and closure plan.

**Developments Since Fourth Modified Status Order (June 2009-March 2010)**

11. At the Regional Board's request, Plaintiffs' consultant submitted an Additional Groundwater Investigation Work Plan on June 24, 2009 and installed two new monitoring wells at the DePaoli Site to improve delineation of groundwater impacts. Groundwater monitoring at

1  all monitoring wells has continued on a quarterly basis since June 2008.  To accommodate the
2  additional investigation, Plaintiffs requested that the Regional Board extend the August 29, 2009
3  deadline for submission of the Engineering Feasibility Study, and the Regional Board did not
4  object.

5      12.    On May 3, 2010, Plaintiffs submitted the Engineering Feasibility Study to the
6  Regional Board.  This Study evaluates three primary remedial options to achieve site closure and
7  contains recommendations regarding the preferred remedial option.  The Parties anticipate that a
8  final remedial option will be negotiated and closure plan developed following the Regional
9  Board's review of the Study.

10      13.    The Parties desire to continue good faith efforts to work cooperatively to promote
11  timely review and approval of a closure plan by the Regional Board at the earliest feasible date.
12  The Parties believe that 12-15 months is a reasonable time estimate for obtaining Regional
13  Board approval of a closure plan and achieving site closure, assuming the Parties do not need to
14  expend time and resources on litigation during that time period.

15      14.    To allow the Parties reasonable time to work with the Regional Board to achieve
16  site closure, as well as to avoid undue litigation expense that would otherwise be required to
17  comply with the deadlines established in the Fourth Modified Status Order, the Parties
18  respectfully seek an order pursuant to Federal Rule of Civil Procedure 16(b) modifying and
19  extending the deadlines set forth within the Fourth Modified Status Order as follows:

|  | Current Date | **New Date** |
| --- | --- | --- |
| Discovery Completion | November 5, 2010 | **November 4, 2011** |
| Expert Designation | November 18, 2010 | **November 18, 2011** |
| Supplemental Expert Designation | December 10, 2010 | **December 9, 2011** |
| Expert Discovery Completion | February 11, 2011 | **February 10, 2012** |
| Last Day for Dispositive Motions to be Heard | April 15, 2011 | **April 20, 2012** |
| Last Day to file Final Pretrial Conference Pleadings | June 17, 2011 | **June 22, 2012** |



**FIFTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S FOURTH MODIFIED STATUS ORDER; ORDER** 4
U.S.D.C. – E.D. Cal., Case No. 2:96-CV-01473-FCD-JFM

692424.1

| | | | |
|---|---|---|---|
| 1 | Final Pretrial Conference | June 24, 2011 at 1:30 p.m. | **June 29, 2012 at 1:30 p.m.** |
| 2, 3 | Trial | September 2, 2011 at 9:00 a.m. (estimated 14-21 days) | **September 4, 2012 At 9:00 a.m. (estimated 14-21 days)** |

All other pre-trial deadlines shall comply with applicable Federal Rules of Civil Procedure and Local Rules, based on the modified trial set forth above.

     THEREFORE, IT IS HEREBY STIPULATED by and between the Parties hereto that the deadlines established by the Court in the Fourth Modified Status Order (entered on June 16, 2009) may be modified as set forth above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third Modified Status Order, the Fourth Modified Status Order, and to this Stipulation, shall continue to be binding on the Parties.

DATED: May 4, 2010      **ISOLA LAW GROUP, LLP**

/s/ Reginald Schubert (as authorized on April 10, 2010)
           David R. Isola
           Reginald Schubert

Attorneys for Plaintiffs
RECLAMATION DISTRICT NO. 2116 and
WILLIAM P. DEPAOLI


DATED: May 4, 2010      **ALSTON & BIRD, LLP**

/s/ Peter A. Nyquist (as authorized on April 12, 2010)
           Peter A. Nyquist

Attorneys for Defendants
HESS CORPORATION (formerly Amerada Hess Corporation), ATLANTIC RICHFIELD CORPORATION (formerly Arco Oil and Gas Company), and BP AMERICA PRODUCTION COMPANY (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.)

| | |
|---|---|
| DATED: May 4, 2010 | **BARG COFFIN LEWIS & TRAPP LLP** |

/s/ Maureen L. King (as authorized on May 4, 2010)
Donald E. Sobelman
Maureen L. King

Attorneys for Defendants
Hamilton Brothers Corporation, Occidental Petroleum Corporation and OXY USA, Inc.

| | |
|---|---|
| DATED: May 4, 2010 | **BRIGHT AND BROWN** |

/s/ Kristin Taylor (as authorized on April 20, 2010)
Kristin Taylor

Attorneys for Defendants
Atlantic Oil Company, Chevron U.S.A., Inc., EnCana Corporation (formerly Pan Canadian Petroleum Company), Marathon Oil Company (for Texas Oil & Gas Corporation), Union Oil Company of California, dba Unocal and Western Continental Operating Company

| | |
|---|---|
| DATED: May 4, 2010 | **THE COSTA LAW FIRM** |

/s/ Daniel P. Costa (as authorized on April 15, 2010)
Daniel P. Costa

Attorneys for Defendants
Hexadyne Energy Corporation and Hexadyne Drilling Exploration

| | |
|---|---|
| DATED: May 4, 2010 | **ORRICK HERRINGTON & SUTCLIFFE** |

/s/ Stephanie F. Zook (as authorized on April 12, 2010)
Stephanie F. Zook

Attorneys for Defendant
CMS Nomeco Oil & Gas Co.


**FIFTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S FOURTH MODIFIED STATUS ORDER; ORDER** 6
U.S.D.C. – E.D. Cal., Case No. 2:96-CV-01473-FCD-JFM

692424.1

| | | |
|---|---|---|
| 1 | DATED: May 4, 2010 | **BURNHAM & BROWN** |
| 2 | | |
| 3 | | /s/ John J. Verber (as authorized on April 12, 2010) |
| 4 | | John J. Verber |
| 5 | | Attorneys for Defendant<br>Venturini Associates |
| 6 | | |
| 7 | DATED: May 4, 2010 | **NORIEGA & ASSOCIATES, APLC** |
| 8 | | |
| 9 | | /s/ Robert J. Noriega (as authorized on April 12, 2010)<br>Robert J. Noriega |
| 10 | | Attorneys for Defendant<br>Cleveland Drilling Co. |
| 11 | | |
| 12 | DATED: May 4, 2010 | **GLYNN & FINLEY LLP** |
| 13 | | |
| 14 | | /s/ Patricia L. Bonhey (as authorized on April 22, 2010)<br>Patricia L. Bonheyo |
| 15 | | |
| 16 | | Attorneys for Defendant<br>ConocoPhillips Company, successor by merger to<br>Conoco, Inc., and sued as Conoco, Inc. |

**FIFTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S FOURTH MODIFIED STATUS ORDER; ORDER** 7
U.S.D.C. – E.D. Cal., Case No. 2:96-CV-01473-FCD-JFM

692424.1

## **ORDER**

Based on the foregoing Stipulation, and good cause existing therefore, IT IS HEREBY ORDERED THAT, the dates set forth in this Court's Fourth Modified Status Order entered on June 16, 2009, are further modified consistent with the dates listed above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third Modified Status Order, the Fourth Modified Status Order, and to this Stipulation, shall continue to be binding on the Parties.

DATED: May 5, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

**FIFTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S FOURTH MODIFIED STATUS ORDER; ORDER** 8
U.S.D.C. – E.D. Cal., Case No. 2:96-CV-01473-FCD-JFM

692424.1

# EXHIBIT A

## STIPULATED FRAMEWORK FOR RESOLVING LITIGATION

Plaintiffs and Defendants (collectively, "Parties") have agreed on and stipulate to the following framework for resolving <u>Reclamation District No. 2116, et al. v. Arcady Oil Company, et al.</u>, E.D. Cal. Case No. CIV S 96-1473, in a manner that is cost-effective, expeditious, and will conserve judicial resources.

1) The Parties agree to an eight-month continuance of all dates provided in the Court's Pretrial Scheduling Order, subject to Court approval.

2) Plaintiffs agree to timely perform the remaining DePaoli site investigation work and prepare a closure plan for the DePaoli site (such work to be funded by Plaintiffs' insurers) and to:

   a) provide Defendants with copies of all existing consultant documents and correspondence with the Regional Board and other regulators involved with this site;

   b) provide Defendants' consultant an opportunity to review and comment on future documents submitted to the regulators;

   c) provide Defendants' consultant an opportunity to participate in investigation work, including presence during site visits, observation of sampling and, if requested, taking of split samples.

3) Defendants agree to apply the contents of the existing trust fund – approximately $75,000 as of October 31, 2007 – to the reasonable remedial costs, if any, necessary to implement a site closure plan acceptable to all Parties and approved by the regulators. If the approved site closure plan is estimated to cost more than $75,000, the Parties agree that, prior to implementation of the site closure plan, they will:

   a) participate in informal, good-faith negotiations, with the goal of reaching an agreement to fully fund implementation of the site closure plan, and, if needed,

   b) participate in a court-supervised settlement conference, or mediation before Lester J. Levy (or another mutually-acceptable mediator).

4) When regulatory closure of the DePaoli site is achieved – via a "closure letter," "no further action" letter, or similar directive – the parties will mutually dismiss all claims against each other with prejudice, and Plaintiffs will be entitled to any proceeds remaining in the trust fund.

5) If at any time it becomes clear to the Parties that regulatory closure of the DePaoli site cannot be achieved within the time provided by the eight-month continuance, the Parties will immediately notify the Court of this fact, provide the Court with an estimated timetable for reaching site closure, and seek the Court's guidance as to scheduling of further proceedings in this action.