BRIGHT AND BROWN
MAUREEN J. BRIGHT (State Bar No. 81589)
KRISTIN G. TAYLOR (State Bar No. 187076)
550 North Brand Boulevard., Suite 2100
Glendale, CA 91203
Telephone: (818) 243-2121
Facsimile: (818) 243-3225

Attorneys for Defendants and Cross-Claimants
ATLANTIC OIL COMPANY, CHEVRON U.S.A., INC., ENCANA CORPORATION (FORMERLY PAN CANADIAN PETROLEUM COMPANY), MARATHON OIL COMPANY (FOR TEXAS OIL & GAS CORPORATION), UNION OIL COMPANY OF CALIFORNIA, DBA UNOCAL AND WESTERN CONTINENTAL OPERATING COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RECLAMATION DISTRICT NO. 2116, and WILLIAM P. DePAOLI,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADY OIL COMPANY, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | Case No. 2:96-cv-1473 FCD DAD<br><br>SIXTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S FIFTH MODIFIED STATUS ORDER; **ORDER** |

## **Background**

1. This case involves alleged environmental contamination at a 3.5-acre parcel of land located at the San Joaquin Delta, adjacent to the Whiskey Slough on Roberts Island in San Joaquin County, California (the "DePaoli Site").

2.     The Court issued its initial Status (Pretrial Scheduling) Order for this action on December 11, 2006 ("2006 Status Order"). Thereafter, Plaintiffs and the remaining Defendants[1] (collectively, the "Parties") met and conferred concerning a potential framework for resolution of this matter without further litigation. That framework is set forth in Exhibit "A" to this Stipulation and summarized below.

3.     As described in Exhibit "A", the Parties previously agreed on a proposal to fund and conduct further site assessment and characterization, with the goal of achieving closure of the DePaoli Site under oversight of the California Regional Water Quality Control Board, Central Valley Region ("Regional Board"). Should the Regional Board determine that remedial or corrective action is required at the DePaoli Site, the Parties have agreed to: (a) utilize monies contained in an existing trust fund for that purpose; and (b) engage in good faith settlement negotiations for the purpose of funding any necessary remedial or corrective action, to the extent such costs exceed the amount contained in the trust fund (approximately $75,000). In the event good faith negotiations do not result in an agreement, the Parties are willing to engage in a court-supervised settlement conference, or mediation before Lester J. Levy or another mutually-acceptable mediator. Once site closure has been achieved, via the Regional Board's issuance of a "closure" or "no further action" letter, all Parties will dismiss their claims (and counter-claims) and this action will be terminated.

---

[1] The following Defendants have engaged in good faith discussion with Plaintiffs and agree to the terms of this Stipulation: Occidental Petroleum Corporation; OXY USA, Inc.; Hamilton Brothers Corporation; Atlantic Oil Company, Chevron U.S.A.; EnCana Corporation (formerly Pan Canadian Petroleum Company); Marathon Oil Company (for Texas Oil & Gas Corporation); Union Oil Company of California dba Unocal; Western Continental Operating Company; Hess Corporation (formerly Amerada Hess Corporation); Atlantic Richfield Company (formerly Arco Oil and Gas Company); BP America Production Company (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.); ConocoPhillips Company; Venturini Associates (a dissolved corporation); Hexadyne Energy Corp.; Hexadyne Drilling Corporation (a dissolved California corporation); CMS Nomeco Oil & Gas Co.; and Cleveland Drilling, Inc. The other defendants originally named in this action have either been dismissed, had a default judgment entered against them, or are otherwise not actively participating in the ongoing litigation.

2

SIXTH STIPULATION TO MODIFY DATES ESTAB. IN THE
COURT'S FIFTH MODIFIED STATUS ORDER; ORDER
**Case No. 2:96-cv-1473 FCD DAD**

BRIGHT AND BROWN
550 NORTH BRAND BOULEVARD
SUITE 2100
GLENDALE, CALIFORNIA 91203
(818) 243-2121  (213) 489-1414
FACSIMILE (818) 243-3225

## Prior Modifications to Status/Scheduling Order and Related Procedural History

4. On November 9, 2007, this Court entered an Order ("First Modified Status Order") modifying dates in the 2006 Status Order to allow, among other things, the Parties additional time to develop, submit and implement a workplan for additional site assessment.

5. Plaintiffs submitted a preliminary investigation workplan to the Regional Board on or about November 14, 2007. Subsequently, following a series of "meet and confer" discussions between the Parties' technical representatives, a revised workplan was submitted to the Regional Board on or about January 31, 2008. On March 18, 2008, the Regional Board conditionally approved the revised workplan.

6. On April 23, 2008, this Court entered a second Order ("Second Modified Status Order") modifying dates in the 2006 Status Order to allow the Parties sufficient time to implement the revised workplan and complete the site investigation.

7. Between April 2008 and August 2008, Plaintiffs undertook field investigation activities at the DePaoli Site, pursuant to the approved workplan. Following completion of this work and discussion with Defendants regarding preliminary results of the investigation, Plaintiffs submitted a Site Investigation Report to the Regional Board on October 17, 2008. In the Report, Plaintiffs proposed that an Engineering Feasibility Study be conducted to select an appropriate closure plan for the DePaoli Site, based on the Regional Board's review of various remedial alternatives (including a "no action" alternative).

8. On November 24, 2008, this Court entered a third Order ("Third Modified Status Order") modifying dates in the April 23, 2008 Second Modified Status Order to allow the Parties sufficient time to complete the further site investigation and explore closure strategies for the DePaoli Site with the Regional Board.

9. In early 2009, the Parties' technical representatives met with the Regional Board to discuss the results of the site investigation and determine what further work would be necessary in order to obtain closure at the DePaoli Site. On April 29, 2009 the Regional Board issued a letter requesting that Plaintiffs submit a detailed closure plan by August 1, 2009. On May 29, 2009 Plaintiffs again proposed conducting an Engineering Feasibility Study in order to provide a basis for developing a site closure plan.

10. On June 16, 2009, this Court entered a fourth Order ("Fourth Modified Status Order") modifying dates in the November 24, 2008 Third Modified Status Order to allow the Parties sufficient time to prepare an Engineering Feasibility Study and closure plan.

11. At the Regional Board's request, Plaintiffs' consultant submitted an Additional Groundwater Investigation Work Plan on June 24, 2009 and installed two new monitoring wells at the DePaoli Site to improve delineation of groundwater impacts. Groundwater monitoring at all monitoring wells has continued on a quarterly basis since June 2008. To accommodate the additional investigation, Plaintiffs requested that the Regional Board extend the August 29, 2009 deadline for submission of the Engineering Feasibility Study, and the Regional Board did not object.

12. On May 3, 2010, Plaintiffs submitted the Engineering Feasibility Study to the Regional Board. This Study evaluates three primary remedial options to achieve site closure and contains recommendations regarding the preferred remedial option. The Parties anticipate that a final remedial option will be negotiated and closure plan developed following the Regional Board's review of the Study.

13. On May 5, 2010, this Court entered a fifth Order ("Fifth Modified Status Order") modifying dates in the June 16, 2009 Fourth Modified Status Order to allow the Parties sufficient time to obtain Regional Board feedback to the Engineering Feasibility Study and develop a closure plan.

**Developments Since Fifth Modified Status Order (May 2010-April 2011)**

14.  After experiencing some delay in receiving a response to the Engineering Feasibility Study from the Regional Board, Plaintiffs inquired as to the status of the Regional Board's review.  The Regional Board informed Plaintiffs that the Engineering Feasibility Study is currently in the queue to be reviewed, but that the Regional Board thus far has had to utilize its resources on sites that are "higher priority" than the DePaoli Site.  Plaintiffs requested a meeting with the Regional Board to discuss the status of the site.  The Regional Board granted that request, and a meeting between the Regional Board and Plaintiffs is currently scheduled for April 29, 2011 to discuss Regional Board review of the Engineering Feasibility Study and making progress toward site closure.

15.  The Parties desire to continue good faith efforts to work cooperatively to promote timely review and approval of a closure plan by the Regional Board at the earliest feasible date.  The Parties believe that 12-15 months is a reasonable time estimate for obtaining Regional Board review and response to the Engineering Feasibility Study and approval of a closure plan to achieve site closure, assuming the Parties do not need to expend time and resources on litigation during that time period.

16.  To allow the Parties reasonable time to work with the Regional Board to achieve site closure, as well as to avoid undue litigation expense that would otherwise be required to comply with the deadlines established in the Fifth Modified Status Order, the Parties respectfully seek an order pursuant to Federal Rule of Civil Procedure 16(b) modifying and extending the deadlines set forth within the Fifth Modified Status Order as follows:

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| Discovery Completion | November 4, 2011 | November 5, 2012 |
| Expert Designation | November 18, 2011 | November 19, 2012 |

| | | |
|---|---|---|
| Supplemental Expert Designation | December 9, 2011 | December 10, 2012 |
| Expert Discovery Completion | February 10, 2012 | February 11, 2013 |
| Last Day for Dispositive Motions to be Heard | April 20, 2012 | April 22, 2013 |
| Last Day to file Final Pretrial Conference Pleadings | June 22, 2012 | June 21, 2013 |
| Final Pretrial Conference | June 29, 2012 at 1:30 p.m. | June 28, 2013 at 1:30 p.m. |
| Trial | September 4, 2012 at 9:00 a.m. (estimated 14-21 days) | September 4, 2013 at 9:00 a.m. (estimated 14-21 days) |

All other pre-trial deadlines shall comply with applicable Federal Rules of Civil Procedure and Local Rules, based on the modified trial set forth above.

THEREFORE, IT IS HEREBY STIPULATED by and between the Parties hereto that the deadlines established by the Court in the Fifth Modified Status Order (entered on May 5, 2010) may be modified as set forth above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third Modified Status Order, the Fourth Modified Status Order, the Fifth Modified Status Order and to this Stipulation, shall continue to be binding on the Parties.

DATED: April 20, 2011         **ISOLA LAW GROUP, LLP**


            /s/ Reginald Schubert (as authorized on April 19, 2011)
                              David R. Isola
                              Reginald Schubert

                           Attorneys for Plaintiffs
                   RECLAMATION DISTRICT NO. 2116 and
                           WILLIAM P. DEPAOLI

DATED:  April 20, 2011            **ALSTON & BIRD, LLP**

/s/ Peter A. Nyquist (as authorized on April 13, 2011)
Peter A. Nyquist

Attorneys for Defendants
HESS CORPORATION (formerly Amerada Hess Corporation), ATLANTIC RICHFIELD CORPORATION (formerly Arco Oil and Gas Company), and BP AMERICA PRODUCTION COMPANY (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.)

DATED: April 20, 2011             **BARG COFFIN LEWIS & TRAPP LLP**

/s/ Maureen L. King (as authorized on April 13, 2011)
Donald E. Sobelman
Maureen L. King

Attorneys for Defendants
Hamilton Brothers Corporation, Occidental Petroleum Corporation and OXY USA, Inc.

DATED:  April 20, 2011            **BRIGHT AND BROWN**

/s/ Kristin Taylor (as authorized on April 20, 2011)
Kristin Taylor

Attorneys for Defendants
Atlantic Oil Company, Chevron U.S.A., Inc., EnCana Corporation (formerly Pan Canadian Petroleum Company), Marathon Oil Company (for Texas Oil & Gas Corporation), Union Oil Company of California, dba Unocal and Western Continental Operating Company

7

SIXTH STIPULATION TO MODIFY DATES ESTAB. IN THE
COURT'S FIFTH MODIFIED STATUS ORDER; ORDER
Case No.  2:96-cv-1473 FCD DAD

DATED:  April 20, 2011            **THE COSTA LAW FIRM**

<u>/s/ Daniel P. Costa (as authorized on April 20, 2011)</u>
Daniel P. Costa

Attorneys for Defendants
Hexadyne Energy Corporation and Hexadyne Drilling Exploration

DATED:  April 20, 2011            **ORRICK HERRINGTON & SUTCLIFFE**

<u>/s/ Stephanie F. Zook (as authorized on April 14, 2011)</u>
Stephanie F. Zook

Attorneys for Defendant
CMS Nomeco Oil & Gas Co.

DATED: April 20, 2011             **BURNHAM & BROWN**

<u>/s/ John J. Verber (as authorized on April 13, 2011)</u>
John J. Verber

Attorneys for Defendant
Venturini Associates

DATED:  April 20, 2011            **NORIEGA & ASSOCIATES, APLC**

<u>/s/ Robert J. Noriega (as authorized on April 14, 2011)</u>
Robert J. Noriega

Attorneys for Defendant
Cleveland Drilling Co.

DATED:  April 20, 2011            **GLYNN & FINLEY LLP**

<u>/s/ Patricia L. Bonheyo (authorized on April 14, 2011)</u>
Patricia L. Bonheyo

Attorneys for Defendant
ConocoPhillips Company, successor by merger to Conoco, Inc., and sued as Conoco, Inc.

8

SIXTH STIPULATION TO MODIFY DATES ESTAB. IN THE COURT'S FIFTH MODIFIED STATUS ORDER; ORDER
**Case No.  2:96-cv-1473 FCD DAD**

# **ORDER**

Based on the foregoing Stipulation, and good cause existing therefore, IT IS HEREBY ORDERED THAT, the dates set forth in this Court's Fifth Modified Status Order entered on May 5, 2010, are further modified as follows:

| | |
|---|---|
| Discovery Completion | November 5, 2012 |
| Expert Designation | November 19, 2012 |
| Supplemental Expert Designation | December 10, 2012 |
| Expert Discovery Completion | February 11, 2013 |
| Last Day for Dispositive Motions to be Heard | **April 19, 2013** |
| Last Day to file Final Pretrial Conference Pleadings | June 21, 2013 |
| Final Pretrial Conference | **June 28, 2013 at 1:30 p.m**. |
| Trial | **September 10, 2013 at 9:00 a.m.** |

The Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third Modified Status Order, the Fourth Modified Status Order, the Fifth Modified Status Order and to this Stipulation, shall continue to be binding on the Parties.

DATED: April 20, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

9

SIXTH STIPULATION TO MODIFY DATES ESTAB. IN THE
COURT'S FIFTH MODIFIED STATUS ORDER; ORDER
**Case No.  2:96-cv-1473 FCD DAD**

# EXHIBIT A

# STIPULATED FRAMEWORK FOR RESOLVING LITIGATION

Plaintiffs and Defendants (collectively, "Parties") have agreed on and stipulate to the following framework for resolving <u>Reclamation District No. 2116, et al. v. Arcady Oil Company, et al.</u>, E.D. Cal. Case No. CIV S 96-1473, in a manner that is cost-effective, expeditious, and will conserve judicial resources.

1) The Parties agree to an eight-month continuance of all dates provided in the Court's Pretrial Scheduling Order, subject to Court approval.

2) Plaintiffs agree to timely perform the remaining DePaoli site investigation work and prepare a closure plan for the DePaoli site (such work to be funded by Plaintiffs' insurers) and to:

   a) provide Defendants with copies of all existing consultant documents and correspondence with the Regional Board and other regulators involved with this site;

   b) provide Defendants' consultant an opportunity to review and comment on future documents submitted to the regulators;

   c) provide Defendants' consultant an opportunity to participate in investigation work, including presence during site visits, observation of sampling and, if requested, taking of split samples.

3) Defendants agree to apply the contents of the existing trust fund – approximately $75,000 as of October 31, 2007 – to the reasonable remedial costs, if any, necessary to implement a site closure plan acceptable to all Parties and approved by the regulators. If the approved site closure plan is estimated to cost more than $75,000, the Parties agree that, prior to implementation of the site closure plan, they will:

   a) participate in informal, good-faith negotiations, with the goal of reaching an agreement to fully fund implementation of the site closure plan, and, if needed,

    b) participate in a court-supervised settlement conference, or mediation before Lester J. Levy (or another mutually-acceptable mediator).

4) When regulatory closure of the DePaoli site is achieved – via a "closure letter," "no further action" letter, or similar directive – the parties will mutually dismiss all claims against each other with prejudice, and Plaintiffs will be entitled to any proceeds remaining in the trust fund.

5) If at any time it becomes clear that the Parties that regulatory closure of the DePaoli site cannot be achieved within the time provided by the eight-month continuance, the Parties will immediately notify the Court of this fact, provide the Court with an estimated timetable for reaching site closure, and seek the Court's guidance as to scheduling of further proceedings in this action.