ANDREW M. GILFORD (State Bar No. 144994)
PETER A. NYQUIST (State Bar No. 180953)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail: andy.gilford@alston.com
E-mail: pete.nyquist@alston.com

Attorneys for Defendants
HESS CORPORATION (formerly Amerada Hess Corporation and erroneously sued as Amereda Hess), ATLANTIC RICHFIELD COMPANY (formerly Arco Oil and Gas Company), and BP AMERICA PRODUCTION COMPANY (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| RECLAMATION DISTRICT NO. 2116, and WILLIAM P. DePAOLI,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ARCADY OIL COMPANY, et al.,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | **Case No.  96 CV 1473 FCD/KJM**<br><br>SEVENTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S SIXTH MODIFIED STATUS ORDER; ORDER |

1
SEVENTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S
AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER; [PROPOSED] ORDER
Case No. 2:96-cv- 1473 JAM DAD

PDF created with pdfFactory trial version www.pdffactory.com

**Background**

1. This case involves alleged environmental contamination at a 3.5-acre parcel of land located at the San Joaquin Delta, adjacent to the Whiskey Slough on Roberts Island in San Joaquin County, California (the "DePaoli Site").

2. The Court issued its initial Status (Pretrial Scheduling) Order for this action on December 11, 2006 ("2006 Status Order"). Thereafter, Plaintiffs and the remaining Defendants[1] (collectively, the "Parties") met and conferred concerning a potential framework for resolution of this matter without further litigation. That framework is set forth in Exhibit "A" to this Stipulation and summarized below.

3. As described in Exhibit "A", the Parties previously agreed on a proposal to fund and conduct further site assessment and characterization, with the goal of achieving closure of the DePaoli Site under oversight of the California Regional Water Quality Control Board, Central Valley Region ("Regional Board"). Should the Regional Board determine that remedial or corrective action is required at the DePaoli Site, the Parties have agreed to: (a) utilize monies contained in an existing trust fund for that purpose; and (b) engage in good faith settlement negotiations for the purpose of funding any necessary remedial or corrective action, to the extent such costs exceed the amount contained in the trust fund (approximately $ 78,706.50 as of May 29, 2012). In the event good faith negotiations do not result in an agreement, the Parties are willing to engage in a court-supervised settlement conference, or mediation before Lester J. Levy or another mutually-acceptable mediator. Once site

---

[1] The following Defendants have engaged in good faith discussion with Plaintiffs and agree to the terms of this Stipulation: Occidental Petroleum Corporation; OXY USA, Inc.; Hamilton Brothers Corporation; Atlantic Oil Company, Chevron U.S.A.; EnCana Corporation (formerly Pan Canadian Petroleum Company); Marathon Oil Company (for Texas Oil & Gas Corporation); Union Oil Company of California dba Unocal; Western Continental Operating Company; Hess Corporation (formerly Amerada Hess Corporation); Atlantic Richfield Company (formerly Arco Oil and Gas Company); BP America Production Company (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.); ConocoPhillips Company; Venturini Associates; Hexadyne Energy Corp.; Hexadyne Drilling Corporation (a dissolved California corporation); CMS Nomeco Oil & Gas Co.; and Cleveland Drilling, Inc. The other defendants originally named in this action have either been dismissed, had a default judgment entered against them, or are otherwise not actively participating in the ongoing litigation.

PDF created with pdfFactory trial version www.pdffactory.com

closure has been achieved, via the Regional Board's issuance of a "closure" or "no further action" letter, all Parties will dismiss their claims (and counter-claims) and this action will be terminated.

**Prior Modifications to Status/Scheduling Order and Related**

**Procedural History**

4.  On November 9, 2007, this Court entered an Order ("First Modified Status Order") modifying dates in the 2006 Status Order to allow, among other things, the Parties additional time to develop, submit and implement a workplan for additional site assessment.

5.  Plaintiffs submitted a preliminary investigation workplan to the Regional Board on or about November 14, 2007. Subsequently, following a series of "meet and confer" discussions between the Parties' technical representatives, a revised workplan was submitted to the Regional Board on or about January 31, 2008. On March 18, 2008, the Regional Board conditionally approved the revised workplan.

6.  On April 23, 2008, this Court entered a second Order ("Second Modified Status Order") modifying dates in the 2006 Status Order to allow the Parties sufficient time to implement the revised workplan and complete the site investigation.

7.  Between April 2008 and August 2008, Plaintiffs undertook field investigation activities at the DePaoli Site, pursuant to the approved workplan. Following completion of this work and discussion with Defendants regarding preliminary results of the investigation, Plaintiffs submitted a Site Investigation Report to the Regional Board on October 17, 2008. In the Report, Plaintiffs proposed that an Engineering Feasibility Study be conducted to select an appropriate closure plan for the DePaoli Site, based on the Regional Board's review of various remedial alternatives (including a "no action" alternative).

8.  On November 24, 2008, this Court entered a third Order ("Third Modified Status Order") modifying dates in the April 23, 2008 Second Modified Status Order to allow the Parties sufficient time to complete the further site investigation and explore closure strategies for the DePaoli Site with the Regional Board.

PDF created with pdfFactory trial version www.pdffactory.com

9. In early 2009, the Parties' technical representatives met with the Regional Board to discuss the results of the site investigation and determine what further work would be necessary in order to obtain closure at the DePaoli Site. On April 29, 2009 the Regional Board issued a letter requesting that Plaintiffs submit a detailed closure plan by August 1, 2009. On May 29, 2009 Plaintiffs again proposed conducting an Engineering Feasibility Study in order to provide a basis for developing a site closure plan.

10. On June 16, 2009, this Court entered a fourth Order ("Fourth Modified Status Order") modifying dates in the November 24, 2008 Third Modified Status Order to allow the Parties sufficient time to prepare an Engineering Feasibility Study and closure plan.

11. At the Regional Board's request, Plaintiffs' consultant submitted an Additional Groundwater Investigation Work Plan on June 24, 2009 and installed two new monitoring wells at the DePaoli Site to improve delineation of groundwater impacts. Groundwater monitoring at all monitoring wells has continued on a quarterly basis since June 2008. To accommodate the additional investigation, Plaintiffs requested that the Regional Board extend the August 29, 2009 deadline for submission of the Engineering Feasibility Study, and the Regional Board did not object.

12. On May 3, 2010, Plaintiffs submitted the Engineering Feasibility Study to the Regional Board. This Study evaluates three primary remedial options to achieve site closure and contains recommendations regarding the preferred remedial option. The Parties anticipate that a final remedial option will be negotiated and closure plan developed following the Regional Board's review of the Study.

13. On May 5, 2010, this Court entered a fifth Order ("Fifth Modified Status Order") modifying dates in the June 16, 2009 Fourth Modified Status Order to allow the Parties sufficient time to obtain a Regional Board feedback to the Engineering Feasibility Study and develop a closure plan.

14. The Regional Board thereafter advised there would some be some delay in its review of the Engineering Feasibility Study due to its utilization of resources on sites deemed "higher

PDF created with pdfFactory trial version www.pdffactory.com

priority" than the DePaoli Site.  Pending Regional Board review of the Engineering Feasibility Study, groundwater monitoring at all monitoring wells continued.

15.	On April 21, 2011, this Court entered a sixth Order ("Sixth Modified Status Order") modifying dates in the May 5, 2010 Fifth Modified Status Order to allow the Parties sufficient time to obtain and respond to Regional Board comments regarding the Engineering Feasibility Study and thereafter develop a closure plan.

16.	Subsequently, upon reassignment to this Court, on September 6, 2011, this Court entered an Amended Status (Pre-trial Scheduling) Order modifying dates in the Sixth Modified Status Order.

17.	Since then, there have been a number of developments, with substantial progress being made towards regulatory approval and implementation of remedial action at the DePaoli Site. On October 6, 2011, the Regional Board responded with its comments on the Engineering Feasibility Study and determined that "clean closure" of the site is the preferred remedial option.  On or about December 15, 2011, Plaintiffs submitted a draft "Landfill Remedial Action Plan" ("RAP") and "Background Soil Study Workplan" ("Soil Study Workplan") to the Regional Board for review and approval.  The final version of the Soil Study Workplan was approved by the Regional Board on February 28, 2012, and the results of that study will be submitted by Plaintiffs to the Regional Board shortly.

18.	On February 10, 2012, Plaintiffs' counsel transmitted a request to Defendants for funding of a portion of a levee stability investigation on a portion of the DePaoli Site, which Plaintiffs and the Regional Board advise is necessary prior to final approval of the RAP. Subsequently, Plaintiffs and Defendants have engaged in good faith discussions regarding the scope and funding of the levee stability investigation.  The estimated cost is in an amount not to exceed $68,565, and Plaintiffs advise they have secured a commitment from their insurers to fund half of this amount, with Defendants to fund the other half from the aforementioned trust account.  The Parties anticipate this work will commence shortly and are optimistic that, upon completion, final

PDF created with pdfFactory trial version www.pdffactory.com

approval of the RAP will be granted in a timely manner by the Regional Board, with implementation of remedial work to likewise follow in a timely manner.

19. The Parties desire to continue good faith efforts to work cooperatively to promote timely review and approval of a closure plan by the Regional Board at the earliest feasible date. The Parties believe that 12 months is a reasonable time estimate to complete implementation of the RAP and to achieve site closure, assuming the Parties do not need to expend time and resources on litigation during that time period.

20. To allow the Parties reasonable time to work with the Regional Board to achieve site closure, as well as to avoid undue litigation expense that would otherwise be required to comply with the deadlines established in the Amended Status (Pre-trial Scheduling) Order, the Parties respectfully seek an order pursuant to Federal Rule of Civil Procedure 16(b) modifying and extending the deadlines set forth within the Amended Status (Pre-trial Scheduling) Order as follows:

|  | Current Date | Proposed Date |
|---|---|---|
| Expert Designation | November 19, 2012 | November 19, 2013 |
| Supplemental Expert Designation | December 10, 2012 | December 10, 2013 |
| Discovery Completion | February 11, 2013 | February 10, 2014 |
| Last Day for Dispositive Motions to be Heard | April 17, 2013 | April 23, 2014 at 9:30 a.m. |
| Last Day to file Joint Pretrial Statement | June 21, 2013 | June 20, 2014 |
| Final Pretrial Conference | June 28, 2013 at 10:00 a.m. | June 27, 2014 at 10:00 a.m. |
| Trial | September 9, 2013 at 9:00 a.m. (estimated 14-21 days) | September 8, 2014 at 9:00 a.m. (estimated 14-21 days) |

All other pre-trial deadlines shall comply with applicable Federal Rules of Civil Procedure and Local Rules, based on the modified trial schedule set forth above.

PDF created with pdfFactory trial version www.pdffactory.com

1  THEREFORE, IT IS HEREBY STIPULATED by and between the Parties hereto that the
2  deadlines established by the Court in the Amended Status (Pre-trial Scheduling) Order (Docket, Doc.
3  408) may be modified as set forth above, and that the Stipulated Framework for Resolving Litigation,
4  attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third
5  Modified Status Order, the Fourth Modified Status Order, the Fifth Modified Status Order, the Sixth
6  Modified Status Order and to this Stipulation, shall continue to be binding on the Parties.

8  DATED: June 27, 2012        **ISOLA LAW GROUP, LLP**

10                  /s/ David R. Isola (as authorized on June 26, 2012)
                              David R. Isola
11                            Paul Hagen

12                       Attorneys for Plaintiffs
                  RECLAMATION DISTRICT NO. 2116 and
13                       WILLIAM P. DEPAOLI

15  DATED: June 27, 2012        **ALSTON & BIRD, LLP**

17                  /s/ Peter A. Nyquist (as authorized on June 26, 2012)
                              Peter A. Nyquist

19                       Attorneys for Defendants
                  HESS CORPORATION (formerly Amerada Hess
20                Corporation), ATLANTIC RICHFIELD CORPORATION
                  (formerly Arco Oil and Gas Company), and BP AMERICA
21                PRODUCTION COMPANY (formerly Amoco Production
                  Company and erroneously sued as Amoco Petroleum Additives
22                                        Co.)

PDF created with pdfFactory trial version www.pdffactory.com

DATED: June 27, 2012 **BARG COFFIN LEWIS & TRAPP LLP**

/s/ Donald E. Sobelman (as authorized on June 26, 2012)
Donald E. Sobelman
Nicole M. Martin

Attorneys for Defendants
Hamilton Brothers Corporation, Occidental Petroleum
Corporation and OXY USA, Inc.

DATED: June 27, 2012 **BRIGHT AND BROWN**

/s/ Kristin Taylor (as authorized on June 26, 2012)
Kristin Taylor

Attorneys for Defendants
Atlantic Oil Company, Chevron U.S.A., Inc., EnCana
Corporation (formerly Pan Canadian Petroleum Company),
Marathon Oil Company (for Texas Oil & Gas Corporation),
Union Oil Company of California, dba Unocal and Western
Continental Operating Company

DATED: June 27, 2012 **THE COSTA LAW FIRM**

/s/ Daniel P. Costa (as authorized on June 26, 2012)
Daniel P. Costa

Attorneys for Defendants
Hexadyne Energy Corporation and Hexadyne Drilling
Exploration

DATED: June 27, 2012 **ORRICK HERRINGTON & SUTCLIFFE**

/s/ Norman C. Hile (as authorized on June 26, 2012)

Attorneys for Defendant
CMS Nomeco Oil & Gas Co.

**8**
SEVENTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S
AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER; [PROPOSED] ORDER
Case No. 2:96-cv- 1473 JAM DAD

PDF created with pdfFactory trial version www.pdffactory.com

DATED: June 27, 2012    **BURNHAM & BROWN**

/s/ John J. Verber (as authorized on June 26, 2012)
John J. Verber

Attorneys for Defendant
Venturini Associates

DATED: June 27, 2012    **NORIEGA & ASSOCIATES, APLC**

/s/ Robert J. Noriega (as authorized on June 26, 2012)
Robert J. Noriega

Attorneys for Defendant
Cleveland Drilling Co.

DATED: June 27, 2012    **GLYNN & FINLEY LLP**

/s/ Andrew T. Mortl (as authorized on June 26, 2012)
Andrew T. Mortl

Attorneys for Defendant
ConocoPhillips Company, successor by merger to Conoco,
Inc., and sued as Conoco, Inc.

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

Based on the foregoing Stipulation, and good cause existing therefore, IT IS HEREBY ORDERED, that the dates set forth in this Court's Amended Status (Pre-trial Scheduling) Order entered on September 6, 2011, are further modified consistent with the dates listed above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third Modified Status Order, the Fourth Modified Status Order, the Fifth Modified Status Order, the Sixth Modified Status Order and to this Stipulation, shall continue to be binding on the Parties.

Dated: June 27, 2012

/s/ John A. Mendez
**JOHN A. MENDEZ**
**United States District Court Judge**

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT A

# STIPULATED FRAMEWORK FOR RESOLVING LITIGATION

Plaintiffs and Defendants (collectively, "Parties") have agreed on and stipulate to the following framework for resolving <u>Reclamation District No. 2116, et al. v. Arcady Oil Company, et al.</u>, E.D. Cal. Case No. CIV S 96-1473, in a manner that is cost-effective, expeditious, and will conserve judicial resources.

1) The Parties agree to an eight-month continuance of all dates provided in the Court's Pretrial Scheduling Order, subject to Court approval.

2) Plaintiffs agree to timely perform the remaining DePaoli site investigation work and prepare a closure plan for the DePaoli site (such work to be funded by Plaintiffs' insurers) and to:

   a) provide Defendants with copies of all existing consultant documents and correspondence with the Regional Board and other regulators involved with this site;

   b) provide Defendants' consultant an opportunity to review and comment on future documents submitted to the regulators;

   c) provide Defendants' consultant an opportunity to participate in investigation work, including presence during site visits, observation of sampling and, if requested, taking of split samples.

3) Defendants agree to apply the contents of the existing trust fund – approximately $75,000 as of October 31, 2007 – to the reasonable remedial costs, if any, necessary to implement a site closure plan acceptable to all Parties and approved by the regulators. If the approved site closure plan is estimated to cost more than $75,000, the Parties agree that, prior to implementation of the site closure plan, they will:

   a) participate in informal, good-faith negotiations, with the goal of reaching an agreement to fully fund implementation of the site closure plan, and, if needed,

   b) participate in a court-supervised settlement conference, or mediation before Lester J. Levy (or another mutually-acceptable mediator).

**11**

SEVENTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S
AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER; [PROPOSED] ORDER
**Case No. 2:96-cv- 1473 JAM DAD**

PDF created with pdfFactory trial version www.pdffactory.com

4) When regulatory closure of the DePaoli site is achieved – via a "closure letter," "no further action" letter, or similar directive – the parties will mutually dismiss all claims against each other with prejudice, and Plaintiffs will be entitled to any proceeds remaining in the trust fund.

5) If at any time it becomes clear that the Parties that regulatory closure of the DePaoli site cannot be achieved within the time provided by the eight-month continuance, the Parties will immediately notify the Court of this fact, provide the Court with an estimated timetable for reaching site closure, and seek the Court's guidance as to scheduling of further proceedings in this action.

PDF created with pdfFactory trial version www.pdffactory.com