1  PETER A. NYQUIST (State Bar No. 180953)
   ANDREA S. WARREN (State Bar No. 287781)
2  **ALSTON & BIRD LLP**
   333 South Hope Street, Sixteenth Floor
3  Los Angeles, California 90071
   Telephone: (213) 576-1000
4  Facsimile: (213) 576-1100

5  E-mail: pete.nyquist@alston.com
   E-mail: andrea.warren@alston.com
6

7  Attorneys for Defendants
   HESS CORPORATION (formerly Amerada Hess
8  Corporation and erroneously sued as Amereda
   Hess), ATLANTIC RICHFIELD COMPANY
9  (formerly Arco Oil and Gas Company), and
   BP AMERICA PRODUCTION COMPANY
10 (formerly Amoco Production Company and
   erroneously sued as Amoco Petroleum Additives Co.)
11

12              **UNITED STATES DISTRICT COURT**

13            **EASTERN DISTRICT OF CALIFORNIA**

14                  **SACRAMENTO DIVISION**

15
   RECLAMATION DISTRICT NO. 2116, and | **Case No. 96 CV 1473 JAM (DAD)**
16 WILLIAM P. DePAOLI,                |
                                      | EIGHTH STIPULATION TO MODIFY
17              Plaintiffs,           | DATES ESTABLISHED IN THE COURT'S
                                      | SEVENTH MODIFIED STATUS ORDER;
18         v.                         | ORDER
19
   ARCADY OIL COMPANY, et al.,
20
                Defendants.
21

22 AND  RELATED  COUNTERCLAIMS  AND
   CROSS-CLAIMS.
23

24

25

26

27

28

**Background**

1.      This case involves alleged environmental contamination at a 3.5-acre parcel of land located at the San Joaquin Delta, adjacent to the Whiskey Slough on Roberts Island in San Joaquin County, California (the "DePaoli Site").

2.      The Court issued its initial Status (Pretrial Scheduling) Order for this action on December 11, 2006 ("2006 Status Order").   Thereafter, Plaintiffs and the remaining Defendants[1] (collectively, the "Parties") met and conferred concerning a potential framework for resolution of this matter without further litigation.   That framework is set forth in Exhibit "A" to this Stipulation and summarized below.

3.      As described in Exhibit "A", the Parties previously agreed on a proposal to fund and conduct further site assessment and characterization, with the goal of achieving closure of the DePaoli Site under oversight of the California Regional Water Quality Control Board, Central Valley Region ("Regional Board").   Should the Regional Board determine that remedial or corrective action is required at the DePaoli Site, the Parties have agreed to: (a) utilize monies contained in an existing trust fund for that purpose; and (b) engage in good faith settlement negotiations for the purpose of funding any necessary remedial or corrective action, to the extent such costs exceed the amount contained in the trust fund (approximately $ 78,706.50 as of May 29, 2012).   In the event good faith negotiations do not result in an agreement, the Parties are willing to engage in a court-supervised settlement conference, or mediation before Lester J. Levy or another mutually-acceptable mediator.   Once site closure has been achieved, via the Regional Board's issuance of a "closure" or "no further action" letter, all Parties will dismiss their claims (and counter-claims) and this action will be terminated.

---

[1]  The following Defendants have engaged in good faith discussion with Plaintiffs and agree to the terms of this Stipulation: Occidental Petroleum Corporation; OXY USA, Inc.; Hamilton Brothers Corporation; Atlantic Oil Company, Chevron U.S.A.; EnCana Corporation (formerly Pan Canadian Petroleum Company); Marathon Oil Company (for Texas Oil & Gas Corporation); Union Oil Company of California dba Unocal; Western Continental Operating Company; Hess Corporation (formerly Amerada Hess Corporation); Atlantic Richfield Company (formerly Arco Oil and Gas Company); BP America Production Company (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.); ConocoPhillips Company; Hexadyne Energy Corp.; Hexadyne Drilling Corporation (a dissolved California corporation); CMS Nomeco Oil & Gas Co.; and Cleveland Drilling, Inc.  The other defendants originally named in this action have either been dismissed, had a default judgment entered against them, or are otherwise not actively participating in the ongoing litigation.

-2-
EIGHTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S
AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER; [PROPOSED] ORDER

Case No.  2:96-cv- 1473 JAM (DAD)

**Prior Modifications to Status/Scheduling Order and Procedural History**

4.      On November 9, 2007, this Court entered an Order ("First Modified Status Order") modifying dates in the 2006 Status Order to allow, among other things, the Parties additional time to develop, submit and implement a workplan for additional site assessment.

5.      Plaintiffs submitted a preliminary investigation workplan to the Regional Board on or about November 14, 2007.  Subsequently, following a series of "meet and confer" discussions between the Parties' technical representatives, a revised workplan was submitted to the Regional Board on or about January 31, 2008.  On March 18, 2008, the Regional Board conditionally approved the revised workplan.

6.      On April 23, 2008, this Court entered a second Order ("Second Modified Status Order") modifying dates in the 2006 Status Order to allow the Parties sufficient time to implement the revised workplan and complete the site investigation.

7.      Between April 2008 and August 2008, Plaintiffs undertook field investigation activities at the DePaoli Site, pursuant to the approved workplan.  Following completion of this work and discussion with Defendants regarding preliminary results of the investigation, Plaintiffs submitted a Site Investigation Report to the Regional Board on October 17, 2008.  In the Report, Plaintiffs proposed that an Engineering Feasibility Study be conducted to select an appropriate closure plan for the DePaoli Site, based on the Regional Board's review of various remedial alternatives (including a "no action" alternative).

8.      On November 24, 2008, this Court entered a third Order ("Third Modified Status Order") modifying dates in the April 23, 2008 Second Modified Status Order to allow the Parties sufficient time to complete the further site investigation and explore closure strategies for the DePaoli Site with the Regional Board.

9.      In early 2009, the Parties' technical representatives met with the Regional Board to discuss the results of the site investigation and determine what further work would be necessary in order to obtain closure at the DePaoli Site.  On April 29, 2009 the Regional Board issued a letter requesting that Plaintiffs submit a detailed closure plan by August 1, 2009.  On May 29, 2009

EIGHTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S
AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER; [PROPOSED] ORDER

Plaintiffs again proposed conducting an Engineering Feasibility Study in order to provide a basis for developing a site closure plan.

10.     On June 16, 2009, this Court entered a fourth Order ("Fourth Modified Status Order") modifying dates in the November 24, 2008 Third Modified Status Order to allow the Parties sufficient time to prepare an Engineering Feasibility Study and closure plan.

11.     At the Regional Board's request, Plaintiffs' consultant submitted an Additional Groundwater Investigation Work Plan on June 24, 2009 and installed two new monitoring wells at the DePaoli Site to improve delineation of groundwater impacts.  Groundwater monitoring at all monitoring wells has continued on a quarterly basis since June 2008.  To accommodate the additional investigation, Plaintiffs requested that the Regional Board extend the August 29, 2009 deadline for submission of the Engineering Feasibility Study, and the Regional Board did not object.

12.     On May 3, 2010, Plaintiffs submitted the Engineering Feasibility Study to the Regional Board.  This Study evaluates three primary remedial options to achieve site closure and contains recommendations regarding the preferred remedial option.  The Parties anticipate that a final remedial option will be negotiated and closure plan developed following the Regional Board's review of the Study.

13.     On May 5, 2010, this Court entered a fifth Order ("Fifth Modified Status Order") modifying dates in the June 16, 2009 Fourth Modified Status Order to allow the Parties sufficient time to obtain Regional Board feedback to the Engineering Feasibility Study and develop a closure plan.

14.     The Regional Board thereafter advised there would some be some delay in its review of the Engineering Feasibility Study due to its utilization of resources on sites deemed "higher priority" than the DePaoli Site.  Pending Regional Board review of the Engineering Feasibility Study, groundwater monitoring at all monitoring wells continued.

15.     On April 21, 2011, this Court entered a sixth Order ("Sixth Modified Status Order") modifying dates in the May 5, 2010 Fifth Modified Status Order to allow the Parties sufficient time to obtain and respond to Regional Board comments regarding the Engineering Feasibility Study and thereafter develop a closure plan.

16.     Subsequently, upon reassignment to this Court, on September 6, 2011, this Court entered an Amended Status (Pre-trial Scheduling) Order modifying dates in the Sixth Modified Status Order.

17.     Since then, there were a number of developments, with substantial progress being made towards regulatory approval and implementation of remedial action at the DePaoli Site.  On October 6, 2011, the Regional Board responded with its comments on the Engineering Feasibility Study and determined that "clean closure" of the site is the preferred remedial option.  On or about December 15, 2011, Plaintiffs submitted a draft "Landfill Remedial Action Plan" ("RAP") and "Background Soil Study Workplan" ("Soil Study Workplan") to the Regional Board for review and approval.  The final version of the Soil Study Workplan was approved by the Regional Board on February 28, 2012.

18.     On February 10, 2012, Plaintiffs' counsel transmitted a request to Defendants for funding of a portion of a levee stability investigation on a portion of the DePaoli Site, which Plaintiffs and the Regional Board advise is necessary prior to final approval of the RAP.  Subsequently, Plaintiffs and Defendants have engaged in good faith discussions regarding the scope and funding of the levee stability investigation.  The estimated cost is in an amount not to exceed $68,565.  On or about June 1, 2012, Plaintiffs' counsel informed Defendants that Plaintiffs' insurers have taken the position that coverage for the levee study was not available because it is an indemnity cost, not a defense cost.  In response, Defendants proposed a solution in which Defendants would fund half of the cost from the aforementioned trust account and Plaintiffs would fund the other half from insurance or other funds.

19.     On June 28, 2012, this Court entered a seventh Order ("Seventh Modified Status Order") modifying dates in the April 21, 2011 Sixth Modified Status Order to allow the Parties sufficient time to conduct the levee stability investigation and soil study and to continue to work with the Regional Board to develop a final closure plan.

20.     On or about April 30, 2013, Plaintiffs' counsel informed Defendants that despite continued efforts to negotiate with their insurers, Plaintiffs' insurers refuse to pay for the levee study.  Plaintiffs' insurers are also refusing to pay or have delayed payment for the completion of the Soil

-5-
EIGHTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S
AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER; [PROPOSED] ORDER

Case No.  2:96-cv- 1473 JAM (DAD)

Study Workplan.  As a result, Plaintiffs' consultant has stopped the soil study work until payment for past costs is received.

21.  Since then, Plaintiffs' counsel and Defendants have had several productive conversations in order to develop a strategy to fund the work and obtain final approval of the RAP from the Regional Board.  On August 13, 2013, Plaintiffs' and Defendants' respective environmental consultants met with the Regional Board for the purpose of establishing a clear path forward for site closure.  On August 22, 2013, the Regional Board issued an order requiring Plaintiffs to submit a Feasibility Study Addendum by November 15, 2013.  The Feasibility Study Addendum must include, among other things, the completed soil study and an engineering feasibility study (which includes the levee stability investigation), as well as, a revised project schedule establishing milestones and deadlines with a goal of completing clean closure in 2014.

22.  The Parties continue to pursue the shared-cost strategy to fund the additional work required by the Regional Board and are in the process of reviewing and obtaining approval from respective clients and insurers.  In support of this effort, Defendants' environmental consultant is collecting information necessary to prepare a reliable estimate of the cost to complete the aforementioned Feasibility Study Addendum, including the Soil Study Workplan and the levee stability investigation.

23.  The Parties desire to continue good faith efforts to work cooperatively to promote timely review and approval of a closure plan by the Regional Board at the earliest feasible date.  The Parties believe that 12 months is a reasonable time estimate to complete the Feasibility Study Addendum, develop and implement the final RAP and achieve site closure, assuming the Parties do not need to expend time and resources on litigation during that time period.

24.  To allow the Parties reasonable time to work with the Regional Board to achieve site closure, as well as to avoid undue litigation expense that would otherwise be required to comply with the deadlines established in the Seventh Modified Status Order, the Parties respectfully seek an order pursuant to Federal Rule of Civil Procedure 16(b) modifying and extending the deadlines set forth within the Seventh Modified Status Order as follows:

|  | Current Date | Proposed Date |
|---|---|---|

-6-
EIGHTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S
AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER; [PROPOSED] ORDER

Case No.  2:96-cv- 1473 JAM (DAD)

| | | |
|---|---|---|
| Expert Designation | November 19, 2013 | November 19, 2014 |
| Supplemental Expert Designation | December 10, 2013 | December 10, 2014 |
| Discovery Completion | February 10, 2014 | February 10, 2015 |
| Last Day for Dispositive Motions to be Heard | April 23, 2014 | April 17, 2015 |
| Last Day to file Joint Pretrial Statement | June 27, 2014 | June 19, 2015 |
| Final Pretrial Conference | June 28, 2014 at 10:00 a.m. | June 26, 2015 at 10:00 a.m. |
| Trial | September 8, 2014 at 9:00 a.m. (estimated 14-21 days) | September 14, 2015 at 9:00 a.m. (estimated 14-21 days) |

All other pre-trial deadlines shall comply with applicable Federal Rules of Civil Procedure and Local Rules, based on the modified trial schedule set forth above.

THEREFORE, IT IS HEREBY STIPULATED by and between the Parties hereto that the deadlines established by the Court in the Seventh Modified Status Order (Docket, Doc. 408) may be modified as set forth above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third Modified Status Order, the Fourth Modified Status Order, the Fifth Modified Status Order, the Sixth Modified Status Order, the Seventh Modified Status Order and to this Stipulation, shall continue to be binding on the Parties.

DATED: October 25, 2013        **ISOLA LAW GROUP, LLP**


/s/ David R. Isola (as authorized on October 25, 2013)
David R. Isola
Paul Hagen

Attorneys for Plaintiffs
RECLAMATION DISTRICT NO. 2116 and
WILLIAM P. DEPAOLI

DATED: October 25, 2013    **ALSTON & BIRD, LLP**


/s/ Peter A. Nyquist (as authorized on October 25, 2013)
Peter A. Nyquist
Andrea S. Warren

Attorneys for Defendants
HESS CORPORATION (formerly Amerada Hess
Corporation), ATLANTIC RICHFIELD CORPORATION
(formerly Arco Oil and Gas Company), and BP AMERICA
PRODUCTION COMPANY (formerly Amoco Production
Company and erroneously sued as Amoco Petroleum Additives
Co.)

DATED: October 25, 2013    **BARG COFFIN LEWIS & TRAPP LLP**


/s/ Donald E. Sobelman (as authorized on October 25, 2013)
Donald E. Sobelman
Nicole M. Martin

Attorneys for Defendants
Hamilton Brothers Corporation, Occidental Petroleum
Corporation and OXY USA, Inc.

DATED: October 25, 2013    **BRIGHT AND BROWN**


/s/ Kristin Taylor (as authorized on October 25, 2013)
Kristin Taylor

Attorneys for Defendants
Atlantic Oil Company, Chevron U.S.A., Inc., EnCana
Corporation (formerly Pan Canadian Petroleum Company),
Marathon Oil Company (for Texas Oil & Gas Corporation),
Union Oil Company of California, dba Unocal and Western
Continental Operating Company

DATED: October 25, 2013    **THE COSTA LAW FIRM**


/s/ Daniel P. Costa (as authorized on October 25, 2013)
Daniel P. Costa

Attorneys for Defendants
Hexadyne Energy Corporation and Hexadyne Drilling
Exploration

1   DATED: October 25, 2013          **ORRICK HERRINGTON & SUTCLIFFE**

2

3                                    /s/  Michael Weed (as authorized on October 25, 2013)
                                                    Michael Weed
4
                                              Attorneys for Defendant
5                                             CMS Nomeco Oil & Gas Co.

6   DATED: October 25, 2013          **NORIEGA & ASSOCIATES, APLC**

7

8                                    /s/ Robert J. Noriega (as authorized on October 25, 2013)
                                                    Robert J. Noriega
9
                                              Attorneys for Defendant
10                                            Cleveland Drilling Co.

11  DATED: October 25, 2013          **GLYNN & FINLEY LLP**

12

13                                   /s/ Andrew T. Mortl (as authorized on October 25, 2013)
                                                    Andrew T. Mortl
14
                                              Attorneys for Defendant
15                                   ConocoPhillips Company, successor by merger to Conoco,
                                              Inc., and sued as Conoco, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER (as modified by the court; trial date)**

Based on the foregoing Stipulation, and good cause existing therefore, IT IS HEREBY ORDERED, that the dates set forth in this Court's Amended Status (Pre-trial Scheduling) Order entered on June 28, 2012, are further modified consistent with the dates listed above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third Modified Status Order, the Fourth Modified Status Order, the Fifth Modified Status Order, the Sixth Modified Status Order, the Seventh Modified Status Order and to this Stipulation, shall continue to be binding on the Parties.

Dated:  11/4/2013

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge

**EXHIBIT A**

**STIPULATED FRAMEWORK FOR RESOLVING LITIGATION**

Plaintiffs and Defendants (collectively, "Parties") have agreed on and stipulate to the following framework for resolving <u>Reclamation District No. 2116, et al. v. Arcady Oil Company, et al.</u>, E.D. Cal. Case No. CIV S 96-1473, in a manner that is cost-effective, expeditious, and will conserve judicial resources.

1) The Parties agree to an eight-month continuance of all dates provided in the Court's Pretrial Scheduling Order, subject to Court approval.

2) Plaintiffs agree to timely perform the remaining DePaoli site investigation work and prepare a closure plan for the DePaoli site (such work to be funded by Plaintiffs' insurers) and to:

   a) provide Defendants with copies of all existing consultant documents and correspondence with the Regional Board and other regulators involved with this site;

   b) provide Defendants' consultant an opportunity to review and comment on future documents submitted to the regulators;

   c) provide Defendants' consultant an opportunity to participate in investigation work, including presence during site visits, observation of sampling and, if requested, taking of split samples.

3) Defendants agree to apply the contents of the existing trust fund – approximately $75,000 as of October 31, 2007 – to the reasonable remedial costs, if any, necessary to implement a site closure plan acceptable to all Parties and approved by the regulators.  If the approved site closure plan is estimated to cost more than $75,000, the Parties agree that, prior to implementation of the site closure plan, they will:

   a) participate in informal, good-faith negotiations, with the goal of reaching an agreement to fully fund implementation of the site closure plan, and, if needed,

   b) participate in a court-supervised settlement conference, or mediation before Lester J. Levy (or another mutually-acceptable mediator).

-11-                                                        Case No.  2:96-cv- 1473 JAM

(DAD)

EIGHTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S
AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER; [PROPOSED] ORDER

4) When regulatory closure of the DePaoli site is achieved – via a "closure letter," "no further action" letter, or similar directive – the parties will mutually dismiss all claims against each other with prejudice, and Plaintiffs will be entitled to any proceeds remaining in the trust fund.

5) If at any time it becomes clear that the Parties that regulatory closure of the DePaoli site cannot be achieved within the time provided by the eight-month continuance, the Parties will immediately notify the Court of this fact, provide the Court with an estimated timetable for reaching site closure, and seek the Court's guidance as to scheduling of further proceedings in this action.

-12-                     Case No.  2:96-cv- 1473 JAM

(DAD)

EIGHTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S
AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER; [PROPOSED] ORDER

**PROOF OF SERVICE**

I, Dana Camacho, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071.  I am over the age of eighteen years and not a party to the action in which this service is made.

On October 31, 2013, I served the document(s) described as **EIGHTH STIPULATION TO MODIFY DATES ESTABLISHED I THE COURT'S SEVENTH MODIFIED STATUS ORDER; [PROPOSED] ORDER** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

☒     BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm.  Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐     BY E-MAIL:  I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail listed in the court's electronic filing system.

☐     BY FEDERAL EXPRESS   ☐ UPS NEXT DAY AIR   ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS ☐ UPS   ☐ Overnight Delivery [specify name of service:  ] with delivery fees fully provided for or delivered the envelope to a courier or driver of   ☐ FEDERAL EXPRESS ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐     BY MESSENGER:  I personally caused a copy of said document(s) to be delivered to the following addressee(s) at the following number(s).

☐     [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒     [Federal]      I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 31, 2013, at Los Angeles, California.

                                    _____

                                     DANA CAMACHO

**RECLAMATION DISTRICT NO. 2116 AND WILLIAM DePAOLI v. ARCADY OIL COMPANY, ET AL**
**Case No. 96 CV 1473 JAM (DAD)**

**SERVICE LIST**

Castle Minerals
C/O Jeff E Stiles
45 Main Street
Rio Vista, CA 94571