PETER A. NYQUIST (SBN 180953)
CHRISTOPHER W. SMITH (SBN 256494)
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687
pnyquist@greenbergglusker.com
csmith@greenbergglusker.com

Attorneys for Defendant HESS
CORPORATION (formerly Amerada Hess
Corporation and erroneously sued as
Amereda Hess)



**FILED**

SEP 25 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _al_
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RECLAMATION DISTRICT NO. 2116, and WILLIAM P. DePAOLI,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADY OIL COMPANY, et al.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS | Case No. 96-CV-01473 JAM-DAD<br><br>**NINTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S EIGHTH MODIFIED STATUS ORDER; [PROPOSED] ORDER** |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**Background**

1.     This case involves alleged environmental contamination at a 3.5-acre parcel of land located at the San Joaquin Delta, adjacent to the Whiskey Slough on Roberts Island in San Joaquin County, California (the "DePaoli Site").

2.     The Court issued its initial Status (Pretrial Scheduling) Order for this action on December 11, 2006 ("2006 Status Order"). Thereafter, Plaintiffs and the remaining Defendants[1] (collectively, the "Parties") met and conferred concerning a potential framework for resolution of this matter without further litigation. That framework is set forth in Exhibit "A" to this Stipulation and summarized below.

3.     As described in Exhibit "A", the Parties previously agreed on a proposal to fund and conduct further site assessment and characterization, with the goal of achieving closure of the DePaoli Site under oversight of the California Regional Water Quality Control Board, Central Valley Region ("Regional Board"). Based on the Regional Board's determination that remedial or corrective action is required at the DePaoli Site, the Parties have agreed to: (a) utilize monies contained in an existing trust fund for that purpose; and (b) engage in good faith settlement negotiations for the purpose of funding any necessary remedial or corrective action, to the extent such costs exceed the amount contained in the trust fund (approximately $10,340.43 as of September 15, 2014). In the event good faith negotiations do not result in an agreement, the Parties are willing to engage in a

---

[1] The following Defendants have engaged in good faith discussion with Plaintiffs and agree to the terms of this Stipulation: Occidental Petroleum Corporation; OXY USA, Inc.; Hamilton Brothers Corporation; Atlantic Oil Company, Chevron U.S.A.; EnCana Corporation (formerly Pan Canadian Petroleum Company); Marathon Oil Company (for Texas Oil & Gas Corporation); Union Oil Company of California dba Unocal; Western Continental Operating Company; Hess Corporation (formerly Amerada Hess Corporation); Atlantic Richfield Company (formerly Arco Oil and Gas Company); BP America Production Company (formerly Amoco Production Company and erroneously sued as Amoco Petroleum Additives Co.); ConocoPhillips Company; Hexadyne Energy Corp.; Hexadyne Drilling Corporation (a dissolved California corporation); CMS Nomeco Oil & Gas Co.; and Cleveland Drilling, Inc. The other defendants originally named in this action have either been dismissed, had a default judgment entered against them, or are otherwise not actively participating in the ongoing litigation.

1    court-supervised settlement conference, or mediation before Lester J. Levy or

2    another mutually-acceptable mediator.  Once site closure has been achieved, via the

3    Regional Board's issuance of a "closure" or "no further action" letter, all Parties

4    will dismiss their claims (and counter-claims) and this action will be terminated.

**Prior Modifications to Status/Scheduling Order and Related**

**Procedural History**

7    4.     On November 9, 2007, this Court entered an Order ("First Modified

8    Status Order") modifying dates in the 2006 Status Order to allow, among other

9    things, the Parties additional time to develop, submit and implement a workplan for

10   additional site assessment.

11   5.     Plaintiffs submitted a preliminary investigation workplan to the

12   Regional Board on or about November 14, 2007.  Subsequently, following a series

13   of "meet and confer" discussions between the Parties' technical representatives, a

14   revised workplan was submitted to the Regional Board on or about January 31,

15   2008. On March 18, 2008, the Regional Board conditionally approved the revised

16   workplan.

17   6.     On April 23, 2008, this Court entered a second Order ("Second

18   Modified Status Order") modifying dates in the 2006 Status Order to allow the

19   Parties sufficient time to implement the revised workplan and complete the site

20   investigation.

21   7.     Between April 2008 and August 2008, Plaintiffs undertook field

22   investigation activities at the DePaoli Site, pursuant to the approved workplan.

23   Following completion of this work and discussion with Defendants regarding

24   preliminary results of the investigation, Plaintiffs submitted a Site Investigation

25   Report to the Regional Board on October 17, 2008.  In the Report, Plaintiffs

26   proposed that an Engineering Feasibility Study be conducted to select an

27   appropriate closure plan for the DePaoli Site, based on the Regional Board's review

28   of various remedial alternatives (including a "no action" alternative).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    8.    On November 24, 2008, this Court entered a third Order ("Third

2    Modified Status Order") modifying dates in the April 23, 2008 Second Modified

3    Status Order to allow the Parties sufficient time to complete the further site

4    investigation and explore closure strategies for the DePaoli Site with the Regional

5    Board.

6    9.    In early 2009, the Parties' technical representatives met with the

7    Regional Board to discuss the results of the site investigation and determine what

8    further work would be necessary in order to obtain closure at the DePaoli Site.  On

9    April 29, 2009 the Regional Board issued a letter requesting that Plaintiffs submit a

10   detailed closure plan by August 1, 2009.  On May 29, 2009 Plaintiffs again

11   proposed conducting an Engineering Feasibility Study in order to provide a basis

12   for developing a site closure plan.

13   10.   On June 16, 2009, this Court entered a fourth Order ("Fourth Modified

14   Status Order") modifying dates in the November 24, 2008 Third Modified Status

15   Order to allow the Parties sufficient time to prepare an Engineering Feasibility

16   Study and closure plan.

17   11.   At the Regional Board's request, Plaintiffs' consultant submitted an

18   Additional Groundwater Investigation Work Plan on June 24, 2009 and installed

19   two new monitoring wells at the DePaoli Site to improve delineation of

20   groundwater impacts.  Groundwater monitoring at all monitoring wells has

21   continued on a quarterly basis since June 2008.  To accommodate the additional

22   investigation, Plaintiffs requested that the Regional Board extend the August 29,

23   2009 deadline for submission of the Engineering Feasibility Study, and the

24   Regional Board did not object.

25   12.   On May 3, 2010, Plaintiffs submitted the Engineering Feasibility

26   Study to the Regional Board.  This Study evaluates three primary remedial options

27   to achieve site closure and contains recommendations regarding the preferred

28   remedial option.  The Parties anticipate that a final remedial option will be

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  negotiated and closure plan developed following the Regional Board's review of
2  the Study.

3      13.    On May 5, 2010, this Court entered a fifth Order ("Fifth Modified
4  Status Order") modifying dates in the June 16, 2009 Fourth Modified Status Order
5  to allow the Parties sufficient time to obtain Regional Board feedback to the
6  Engineering Feasibility Study and develop a closure plan.

7      14.    The Regional Board thereafter advised there would some be some
8  delay in its review of the Engineering Feasibility Study due to its utilization of
9  resources on sites deemed "higher priority" than the DePaoli Site. Pending
10  Regional Board review of the Engineering Feasibility Study, groundwater
11  monitoring at all monitoring wells continued.

12      15.    On April 21, 2011, this Court entered a sixth Order ("Sixth Modified
13  Status Order") modifying dates in the May 5, 2010 Fifth Modified Status Order to
14  allow the Parties sufficient time to obtain and respond to Regional Board comments
15  regarding the Engineering Feasibility Study and thereafter develop a closure plan.

16      16.    Subsequently, upon reassignment to this Court, on September 6, 2011,
17  this Court entered an Amended Status (Pre-trial Scheduling) Order modifying dates
18  in the Sixth Modified Status Order.

19      17.    Thereafter, there were a number of developments, with substantial
20  progress being made towards regulatory approval and implementation of remedial
21  action at the DePaoli Site. On October 6, 2011, the Regional Board responded with
22  its comments on the Engineering Feasibility Study and determined that "clean
23  closure" of the site is the preferred remedial option. On or about December 15,
24  2011, Plaintiffs submitted a draft "Landfill Remedial Action Plan" ("RAP") and
25  "Background Soil Study Workplan" ("Soil Study Workplan") to the Regional
26  Board for review and approval. The final version of the Soil Study Workplan was
27  approved by the Regional Board on February 28, 2012.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

18.     On February 10, 2012, Plaintiffs' counsel transmitted a request to Defendants for funding of a portion of a levee stability investigation on a portion of the DePaoli Site, which Plaintiffs and the Regional Board advise is necessary prior to final approval of the RAP.  Subsequently, Plaintiffs and Defendants have engaged in good faith discussions regarding the scope and funding of the levee stability investigation.  The estimated cost is in an amount not to exceed $68,565.  On or about June 1, 2012, Plaintiffs' counsel informed Defendants that Plaintiffs' insurers have taken the position that coverage for the levee study was not available because it is an indemnity cost, not a defense cost.  In response, Defendants proposed a solution in which Defendants would fund half of the cost from the aforementioned trust account and Plaintiffs would fund the other half from insurance or other funds.

19.     On June 28, 2012, this Court entered a seventh Order ("Seventh Modified Status Order") modifying dates in the April 21, 2011 Sixth Modified Status Order to allow the Parties sufficient time to conduct the levee stability investigation and soil study and to continue to work with the Regional Board to develop a final closure plan.

20.     On or about April 30, 2013, Plaintiffs' counsel informed Defendants that despite continued efforts to negotiate with their insurers, Plaintiffs' insurers refuse to pay for the levee study.  Plaintiffs' insurers are also refusing to pay or have delayed payment for the completion of the Soil Study Workplan.  As a result, Plaintiffs' consultant stopped the soil study work.

21.     Subsequently, Plaintiffs' counsel and Defendants met and conferred in order to develop a strategy to fund the work and obtain final approval of the RAP from the Regional Board.  On August 13, 2013, Plaintiffs' and Defendants' respective environmental consultants met with the Regional Board for the purpose of establishing a clear path forward for site closure.  On August 22, 2013, the Regional Board issued an order requiring Plaintiffs to submit a Feasibility Study

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

NINTH STIPULATION TO MODIFY DATES;
[PROPOSED] ORDER
CASE NO.: 2:96-cv-1473 JAM-DAD

1  Addendum ("FS Addendum") by November 15, 2013.

2      22.    On November 4, 2013, this Court entered an eighth Order ("Eighth

3  Modified Status Order") modifying dates in the June 28, 2012 Seventh Modified

4  Status Order to allow the Parties sufficient time to continue efforts with the

5  Regional Board to develop a final closure plan.

6      23.    Subsequently, Defendants agreed to authorize their joint consulting

7  firm, ERM, to assume primary responsibility for completing certain remaining tasks

8  necessary to achieve regulatory closure for the site, including preparation of the FS

9  Addendum and RAP. Pursuant to approved extensions by the Regional Board,

10  Plaintiffs and Defendants jointly submitted a draft FS Addendum to the Regional

11  Board on January 15, 2014. The FS Addendum included, among other things, the

12  completed soil study and an engineering feasibility study (which includes the levee

13  stability investigation), as well as a revised project schedule establishing milestones

14  and deadlines with the goal of implementing remedial work in 2014.

15      24.    On February 6, 2014, Plaintiffs' and Defendants' respective

16  environmental consultants met with Regional Board staff to discuss comments to

17  the FS Addendum, as well as site-specific cleanup requirements necessary to

18  achieve "clean closure." On March 14, 2014, Defendants' environmental

19  consultants from ERM again met with Regional Board staff to discuss the results of

20  background soil sampling results for the site, and their proposal for a "risk-based

21  approach" to achieving "clean closure" for the site, based on the voluminous data

22  collected for the site. In these meetings Regional Board staff expressed, for the first

23  time, their preference for cleanup to "background" levels. The issue of finalizing

24  site-specific cleanup levels for this site is of critical importance to establishing the

25  scope of required remedial work, estimated costs, and, ultimately, the Parties'

26  ability to fund clean up costs pursuant to the stipulated framework attached hereto.

27  By ERM's estimate, the requirement to clean the site to background levels could

28  increase overall cleanup costs by over one hundred twenty percent (120%) in

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   comparison to the environmentally protective, risk-based cleanup proposed by the

2   Parties.

3          25.    Since then, the Parties have continued to engage in good faith efforts

4   to resolve this issue with the Regional Board. On May 15, 2014, Defendants jointly

5   submitted a letter to the Regional Board, attached hereto as Exhibit "B", further

6   explaining the basis for seeking risk-based site closure criteria, and proposing a

7   meeting of all Parties with the Regional Board to seek a final resolution.

8          26.    On June 4, 2014, counsel for all Parties met with Regional Board staff

9   and counsel to further discuss these issues in detail. This is the first ever such "all-

10   hands" meeting, and allowed for a productive dialogue. At the meeting's

11   conclusion, counsel for the Regional Board committed to prepare a written legal

12   opinion, for the benefit of Regional Board staff and the Parties, addressing the

13   scope of the Regional Board's discretion in approving site-specific cleanup

14   requirements for this site. At present, the parties have not yet received this letter.

15   However, after several inquiries by the parties, the Regional Board has recently

16   advised that it will be forthcoming soon.

17          27.    The Parties desire to continue good faith efforts to work cooperatively

18   to achieve an approved closure plan from the Regional Board, at the earliest

19   feasible date. Unfortunately, due to ongoing negotiations, it is no longer feasible to

20   obtain the requisite approvals needed to start remediation work in 2014. The

21   Parties believe that 12 months is a reasonable time estimate to reach a final

22   agreement with the Regional Board on cleanup goals, submit a final RAP, and

23   complete remedial work, assuming the Parties do not need to expend time and

24   resources on litigation during that time period.

25          28.    To allow the Parties reasonable time to work with the Regional Board

26   to achieve site closure, as well as to avoid undue litigation expense that would

27   otherwise be required to comply with the deadlines established in the Eighth

28   Modified Status Order, the Parties respectfully seek an order pursuant to Federal

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

NINTH STIPULATION TO MODIFY DATES;
[PROPOSED] ORDER
CASE NO.: 2:96-cv-1473 JAM-DAD

Rule of Civil Procedure 16(b) modifying and extending the deadlines set forth within the Eighth Modified Status Order as follows:

|  | Current Date | Proposed Date |
|---|---|---|
| Expert Designation | November 19, 2014 | November 19, 2015 |
| Supplemental Expert Designation | December 10, 2014 | December 10, 2015 |
| Discovery Completion | February 10, 2015 | February 10, 2016 |
| Last Day for Dispositive Motions to be Heard | April 17, 2015 | April 18, 2016 |
| Last Day to file Joint Pretrial Statement | June 19, 2015 | June 20, 2016 |
| Final Pretrial Conference | June 26, 2015 at 10:00 a.m. | June 27, 201 at 10:00 a.m. |
| Trial | September 14, 2015 at 9:00 a.m. (estimated 14-21 days) | September 19, 2016 at 9:00 a.m. (estimated 14-21 days) |

All other pre-trial deadlines shall comply with applicable Federal Rules of Civil Procedure and Local Rules, based on the modified trial schedule set forth above.

THEREFORE, IT IS HEREBY STIPULATED by and between the Parties hereto that the deadlines established by the Court in the Eighth Modified Status Order (Docket, Doc. 408) may be modified as set forth above, and that the Stipulated Framework for Resolving Litigation, attached as Exhibit A to the First Modified Status Order, the Second Modified Status Order, the Third Modified Status Order, the Fourth Modified Status Order, the Fifth Modified Status Order,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   the Sixth Modified Status Order, the Seventh Modified Status Order, and the Eighth

2   Modified Status Order and to this Stipulation, shall continue to be binding on the

3   Parties.

4

5   DATED: September 24, 2014      **ISOLA LAW GROUP, LLP**

6

7                         /s/ David R. Isola (as authorized on 09/18/14)

8                         David R. Isola
                           Paul Hagen

9

10                        Attorneys for Plaintiffs RECLAMATION
                        DISTRICT NO. 2116 and WILLIAM P.
                        DEPAOLI

11

12   DATED: September 24, 2014      **GREENBERG GLUSKER FIELDS**
                        **CLAMAN & MACHTINGER LLP**

13

14                        /s/ Peter A. Nyquist (as authorized on 09/18/14)

15                        Peter A. Nyquist
                        Christopher W. Smith

16

17                        Attorneys for Defendant HESS CORPORATION
                        (formerly Amerada Hess Corporation and
                        erroneously sued as Amereda Hess)

18

19   DATED: September 24, 2014      **BARG COFFIN LEWIS & TRAPP LLP**

20

21                        /s/ Donald E. Sobelman (as authorized on
                        09/18/14)

22                        Donald E. Sobelman

23                        Attorneys for Defendants Hamilton Brothers

24                        Corporation, Occidental Petroleum Corporation
                        and OXY USA, Inc.

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

35925-00002/2244127.5             9           NINTH STIPULATION TO MODIFY DATES;
                                              [PROPOSED] ORDER
                                       CASE NO.: 2:96-cv-1473 JAM-DAD

DATED: September 24, 2014        **BRIGHT AND BROWN**


/s/ Kristin Taylor (as authorized on 09/05/14)
Kristin Taylor

Attorneys for Defendants Atlantic Oil Company,
Chevron U.S.A., Inc., EnCana Corporation
(formerly Pan Canadian Petroleum Company),
Marathon Oil Company (for Texas Oil & Gas
Corporation), Union Oil Company of California,
dba Unocal and Western Continental Operating
Company

DATED: September 24, 2014        **THE COSTA LAW FIRM**


/s/ Daniel P. Costa (as authorized on 09/18/14)
Daniel P. Costa

Attorneys for Defendants Hexadyne Energy
Corporation and Hexadyne Drilling Exploration

DATED: September 24, 2014        **ORRICK HERRINGTON & SUTCLIFFE**


/s/  Michael Weed (as authorized on 09/05/14)
Michael Weed

Attorneys for Defendant CMS Nomeco Oil &
Gas Co.

DATED: September 24, 2014        **NORIEGA & OLDAKER**


/s/ Robert J. Noriega (as authorized on 09/18/14)
Robert J. Noriega

Attorneys for Defendant Cleveland Drilling Co.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

DATED: September 24, 2014        **GLYNN & FINLEY LLP**


/s/ Andrew T. Mortl (as authorized on 09/18/14)
Andrew T. Mortl

Attorneys for Defendant ConocoPhillips
Company, successor by merger to Conoco, Inc.,
and sued as Conoco, Inc.

DATED: September 25, 2014        **ALSTON & BIRD, LLP**


/s/ Andrew Brady (as authorized on 09/18/14)
Kurt Osenbaugh
Andrew Brady

Attorneys for Defendants ATLANTIC
RICHFIELD CORPORATION (formerly Arco
Oil and Gas Company), and BP AMERICA
PRODUCTION COMPANY (formerly Amoco
Production Company and erroneously sued as
Amoco Petroleum Additives Co.)

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

**[~~PROPOSED~~] ORDER**

2        Based on the foregoing Stipulation, and good cause existing therefor, IT IS

3 HEREBY ORDERED, that the dates set forth in this Court's Amended Status (Pre-

4 trial Scheduling) Order entered on June 28, 2012, are further modified consistent

5 with the dates listed above, and that the Stipulated Framework for Resolving

6 Litigation, attached as Exhibit A to the First through Eighth Modified Status

7 Orders, and to this Stipulation, shall continue to be binding on the Parties.

8 *No further modifications to the Status Order will be granted*

9 *by the Court*

Dated: 9-25-2014

10
                  JOHN A. MENDEZ

11
                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## EXHIBIT A

### STIPULATED FRAMEWORK FOR RESOLVING LITIGATION

Plaintiffs and Defendants (collectively, "Parties") have agreed on and stipulate to the following framework for resolving Reclamation District No. 2116, et al. v. Arcady Oil Company, et al., E.D. Cal. Case No. CIV S 96-1473, in a manner that is cost-effective, expeditious, and will conserve judicial resources.

1) The Parties agree to an eight-month continuance of all dates provided in the Court's Pretrial Scheduling Order, subject to Court approval.

2) Plaintiffs agree to timely perform the remaining DePaoli site investigation work and prepare a closure plan for the DePaoli site (such work to be funded by Plaintiffs' insurers) and to:

    a) provide Defendants with copies of all existing consultant documents and correspondence with the Regional Board and other regulators involved with this site;

    b) provide Defendants' consultant an opportunity to review and comment on future documents submitted to the regulators;

    c) provide Defendants' consultant an opportunity to participate in investigation work, including presence during site visits, observation of sampling and, if requested, taking of split samples.

3) Defendants agree to apply the contents of the existing trust fund – approximately $75,000 as of October 31, 2007 – to the reasonable remedial costs, if any, necessary to implement a site closure plan acceptable to all Parties and approved by the regulators. If the approved site closure plan is estimated to cost more than $75,000, the Parties agree that, prior to implementation of the site closure plan, they will:

    a) participate in informal, good-faith negotiations, with the goal of reaching an agreement to fully fund implementation of the site closure plan, and, if needed,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

b)       participate in a court-supervised settlement conference, or mediation before Lester J. Levy (or another mutually-acceptable mediator).

4)  When regulatory closure of the DePaoli site is achieved – via a "closure letter," "no further action" letter, or similar directive – the parties will mutually dismiss all claims against each other with prejudice, and Plaintiffs will be entitled to any proceeds remaining in the trust fund.

5)  If at any time it becomes clear that the Parties that regulatory closure of the DePaoli site cannot be achieved within the time provided by the eight-month continuance, the Parties will immediately notify the Court of this fact, provide the Court with an estimated timetable for reaching site closure, and seek the Court's guidance as to scheduling of further proceedings in this action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

**May 15, 2014 Letter to the Regional Water Quality Control Board**

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

35925-00002/2244127.5

15



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

May 15, 2014

Wendy Wyels, Supervisor
Paul Sanders, P.G., Engineering Geologist
Central Valley Regional Water Quality Control Board
11020 Sun Center Drive, Suite 200
Rancho Cordova, CA 95670
wwyels@waterboards.ca.gov

     RE:   Former Arcady Disposal Site (DePaoli Property), Holt, California ("Site")

Dear Ms. Wyels and Mr. Sanders:

As you may be aware, plaintiffs and defendants in a pending federal lawsuit regarding the Site previously agreed to stay the litigation to allow for site investigations to update past data and more fully characterize the Site in order to identify closure options. For a number of years now, these parties have been cooperatively and diligently working with the Central Valley Regional Water Quality Control Board (the "Board") with the goal of site closure. In furtherance of those cooperative efforts, on behalf of the defendants' Joint Defense Group (the "JDG"), we present the following information for the Board's consideration with respect to alternative closure options for the Site.

On March 10, 2014, the Board met with the JDG's consultant, ERM, to discuss closure of the Site. During the meeting, ERM proposed risk based clean up goals based on the fact that such goals are more than adequate given current site conditions and health and safety considerations. However, the Board stated that under Section 21400 of Title 27, which applies to closure of surface impoundments, clean closure of such impoundments requires removal of underlying soils to background concentrations. ERM noted at the time of the meeting that this would approximately double the volume of material requiring handling and disposal, with rapidly diminishing constituent of concern mass removal from soils below the drilling muds. Since the time of the meeting, ERM has done a cost analysis using background clean up goals and has advised the JDG that this requirement increases the closure costs by almost 130%. Until now, the estimated costs of clean closure were comparable to other remedial alternatives submitted to the Board, and therefore, although the estimated costs for clean closure were substantial, they were not significantly out of balance with alternative actions. However, the dramatic cost increase would result in the costs of closure greatly exceeding the costs of acceptable remedial alternatives, and is certainly greater than the total value of the property. While the plaintiffs and defendants would very much like to continue

OHSUSA:757871711.5

EXHIBIT B, Page 15



**ORRICK**

Wendy Wyels, Supervisor
Paul Sanders, P.G., Engineering Geologist
Central Valley Regional Water Quality Control Board
May 15, 2014
Page 2

working together toward site closure, we respectfully ask the Board for its thoughtful reconsideration of options for alternative closure to achieve that result. In light of this significant cost increase, we believe it is appropriate to review options for alternative closure requirements as allowed under Title 27.

In particular, we note that Section 20080(b) of Title 27 allows for engineered alternatives when the discharger can demonstrate that (1) the construction or prescriptive standard is not feasible; and (2) there is a specific engineered alternative that (a) is consistent with the performance goal addressed by the particular construction or prescriptive standard; and (b) affords equivalent protection against water quality impairment. 27 CCR § 20080(b). In order to establish that compliance with prescriptive standards is not feasible for purposes of Section 20080(b)(1), the discharger must demonstrate that compliance with a prescriptive standard is either: (1) unreasonably and unnecessarily burdensome and *will cost substantially more than alternatives* which meet the criteria in [§ 20080](b); or (2) impractical and will not promote attainment of applicable performance standards. 27 CCR § 20080(c) (emphasis added).

Title 27 also dictates that when evaluating the feasibility of the prescriptive standards, the Board "shall consider all relevant technical and economic factors including, but not limited to, *present and projected costs of compliance*, potential costs for remedial action in the event that waste or leachate is released to the environment, and the extent to which ground water resources could be affected." 27 CCR § 20080(b)(2) (emphasis added).

In addition, if a unit was closed before November 27, 1984, it is not automatically subject to the Water Quality Program. 27 CCR § 20080(g). Section 20080(g) states:

> persons responsible for discharge at Units which were closed, abandoned, or inactive on or before November 27, 1984 (CAI Units), *may* be required to develop and implement a detection monitoring program in accordance with....Section 20380 et seq. If water quality impairment is found, such persons may be required to develop and implement a corrective action program...

27 CCR § 20080(g) (emphasis added). Because the Site stopped receiving wastes on May 1, 1984, it also qualifies for the agency discretion about whether to impose the Water Quality Program requirements provided by Section 20080(g).



ORRICK

Wendy Wyels, Supervisor
Paul Sanders, P.G., Engineering Geologist
Central Valley Regional Water Quality Control Board
May 15, 2014
Page 3

Given the dramatic cost increase based on background clean up goals and the fact that Title 27 is intended to and does give the Board flexibility given the circumstances, we would greatly appreciate the opportunity to further discuss with the Board the site closure proposal that was presented by the parties in the January 2014 Draft Feasibility Study Addendum prepared by ERM. This approach would apply site-specific cleanup goals that are protective of human health and the environment and would result in (1) removal of all drilling mud from the site, (2) confirmation soil sample collection from excavation walls and floors for applicable constituents of concern, (3) backfill with clean soil to maintain levee stability, and (4) post-closure groundwater monitoring. The parties believe that this approach fully complies with both Title 27 requirements and the State Water Quality Control Board's policies governing risk-based site remediation.

A great deal of progress towards site closure has been made in the last six months, and the parties remain committed to implementing a cost-effective Site closure plan that is acceptable to the Board -- and to doing so by the end of 2014 if feasible. At your earliest convenience, please let us know if the Board is willing to meet with ERM and legal counsel for plaintiffs and the JDG, to discuss the matters raised in this letter. If so, we will arrange for that meeting to take place at the earliest possible time.

Sincerely,

Emily M. Lamond, Orrick, Herrington & Sutcliffe LLP (*elamond@orrick.com*)
   On behalf of the Joint Defense Group Counsel:

   Donald Sobelman, Barg Coffin Lewis & Trapp LLP *(des@bcltlaw.com)*
   Kristin G. Taylor, Bright and Brown *(ktaylor@brightandbrown.com)*
   Rob Noriega, Noriega & Oldaker *(rob@noriega-law.com)*
   Andrew T. Mortl, Glynn & Finley, LLP *(amortl@glynnfinley.com)*
   Daniel P. Costa, The Costa Law Firm *(dpc@costalaw.net)*
   Pete Nyquist, Alston & Bird LLP *(pete.nyquist@alston.com)*

cc:   David Isola (Counsel for Plaintiffs)

EXHIBIT B, Page 17

1

**PROOF OF SERVICE**

2

I, Susan Lopez, declare:

3

I am a citizen of the United States and employed in Los Angeles County,

4

California. I am over the age of eighteen years and not a party to the within-entitled

5

action. My business address is 1900 Avenue of the Stars, 21st Floor, Los Angeles,

6

California 90067. I am readily familiar with the practice of this office for collection

7

and processing of correspondence for mail/fax/hand delivery/next business day

8

mail/CMC/ECF system delivery, and they are deposited or sent that same day in the

9

ordinary course of business.

10

On *September 24, 2014*, I served a copy of the within document(s):

11
12
13

**NINTH STIPULATION TO MODIFY DATES ESTABLISHED IN THE COURT'S EIGHTH MODIFIED STATUS ORDER; [PROPOSED] ORDER**

14
15
16

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

17
18

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

19

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

20
21
22
23

Castle Minerals
c/o Jeff E. Stiles
45 Main Street
Rio Vista, CA 94571

24

It is my understanding that the CM/ECF system automatically sends a

25

"Notice of Electronic Filing" to the registered users in the case and that the "Notice

26

of Electronic Filing" constitutes service of the above document on the interested

27

parties in this case.

28

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on *September 24, 2014*, at Los Angeles, California.

_____
Susan Lopez

NINTH STIPULATION TO MODIFY DATES;
[PROPOSED] ORDER
CASE NO.: 2:96-cv-1473 JAM-DAD

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590